Ninlliat, Demandante y Apelado, *v.* Suriñach et al., Demandadas y Apelantes.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre acción rescisoria.

No. 1722.—Resuelto en febrero 18, 1919.

Cosa Juzgada.—Cuando en un caso existen dos o más cuestiones controvertidas y todas quedan decididas en favor del mismo litigante, la corte puede basar su decisión sobre todas conjuntamente, en cuyo caso la decisión se tiene por concluyente en cuanto a ambas.

Id.—Id.—Cuando algún hecho fundamental o cuestión sustancial para la determinación de ambas acciones ha sido resuelto en un pleito anterior, y el mismo hecho o cuestión está otra vez en controversia entre las mismas partes, el fallo del mismo en el primer pleito será concluyente, si se presentare en debida forma, de la misma cuestión en el último pleito, sin tener en cuenta la cuestión de si la causa de acción es la misma o no lo es, o si el segundo pleito envuelve la misma o distinta materia u objeto en litigio, o si es o no la misma forma de procedimiento.

Id.—Partes.—La mera acumulación en el segundo pleito de una parte nominal que carece de interés en la cosa objeto del litigio no impide el que un fallo constituya óbice.

Los hechos están expresados en la opinión.

Abogados de las apelantes: *Sres. Horton & Janer y Alfredo Arnaldo.*

Abogado del apelado: *Sr. José Sabater.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

La sentencia apelada declara, rescindida una escritura otorgada por el marshal de la Corte Federal de conformidad con una venta por ejecución.

Los dos últimos párrafos del pliego de excepciones rezan como sigue:

"13ª. La corte erró al no estimar que entre el presente caso y el caso número 226, en equidad, ante la Corte Federal, existe identi-

dad de causa de acción, objeto y materia en litigio, personas y ca-
rácter o calidad de los litigantes, y que por lo tanto es de aplica-
ción la doctrina de *res adjudicata,* por lo que los demandados toman
excepción.''

''14ª. La corte erró al no estimar que entre el presente caso y el
pleito número 2889, seguido ante esta misma corte de distrito existe
la más perfecta identidad de causa de acción, objeto y materia en liti-
gio, personas y carácter y calidad de los litigantes, y que también
es de aplicación la doctrina de *res adjudicata,* por lo que los deman-
dados toman su excepción.''

Los hechos alegados en la demanda en este caso y la sú-
plica de la misma están relacionados en el tomo 24 Decisio-
nes de Puerto Rico, páginas 67 a 77 inclusive. La anterior
demanda radicada en la corte insular, la demanda (*bill*) ori-
ginal sobre ineficacia de títulos (*to quiet title*) y el informe
o dictamen del juez especial en equidad nombrado por la
Corte Federal aparecen en el tomo 18 Decisiones de Puerto
Rico, páginas 195 a 213.

La corte de distrito resuelve la cuestión de *res judicata* del
modo siguiente:

''12º. En cuanto a la defensa de *res judicata* que alegan los de-
mandados hijos de Camilo Suriñach, entendemos que no hay identidad
de la causa de acción por cuanto en el caso anterior se trataba de
nulidad y en el presente de la rescisión de la venta por fraude co-
metido por Suriñach, habiéndose seguido también la acción contra los
Sucesores de Luis Arán, quienes son insolventes, no pudiendo de
otro modo reclamar el demandante de estos ni obtener la reparación
del perjuicio sufrido; que en esta acción también intervienen partes
distintas de suerte que no hay tampoco identidad, pues son deman-
dados los señores Suriñach y Luis Arán y su hija heredera de Luis
Arán, y como no se ha demostrado que existen vínculos de solidaridad
entre los demandados, no existe la identidad de partes que exige la
ley para que pueda surtir efecto de tal modo que derribe la acción
del demandante.''

Es cierto que el elemento de fraude se alega de un mo-
do algo más específico en la tercera tentativa del demandante
que en cualquiera de los dos anteriores esfuerzos. En rea-
lidad de verdad estaban las alegaciones redactadas en la

primera demanda de modo tan vago y general que uno de los fundamentos de excepción previa opuesto a la demanda consistía en que no se alegaba ningún hecho "que demuestre que el demandado tuviese conocimiento de las transacciones habidas entre el demandante y Arán." Por otro lado el demandante alega ahora específicamente por primera vez que:

"Camilo Suriñach sabía de propio conocimiento que el solar, aunque inscrito en el registro a favor de Luis Arán, era de la exclusiva propiedad del demandante, y que éste lo estaba poseyendo, sabiendo Suriñach que los edificios construídos en el solar fueron construídos de buena fe por el demandante."

"Camilo Suriñach, no obstante el anterior conocimiento, instigó maliciosamente el embargo y venta de los bienes mencionados, y con objeto de defraudar al demandante y arrebatarle torticeramente la propiedad de dichos bienes, los adquirió en la subasta en representación de los menores demandados por el ínfimo precio de $300 que no cubría la cuadragésima parte del verdadero valor de tales bienes."

Es de concebirse que de haber presentado plena prueba de estas materias, especialmente de las alegaciones contenidas en el párrafo últimamente citado, ella pudo habernos puesto en condiciones para distinguir el caso tal como resulta de la decisión del juez especial nombrado por la Corte Federal sobre la cuestión de terceros. Pero no sólo no se ha aportado evidencia alguna para sostener la alegación últimamente mencionada sino que la misma ha sido más que negada por el testimonio no contradicho del sub-marshal que practicó el embargo y llevó a cabo la venta.

"Cuando el embargo de esa propiedad yo hice una petición al registrador de la propiedad pidiendo un certificado de todas las propiedades de Arán y me expidió tal certificado, de modo que la única base de mi conocimiento para saber que esa propiedad era de Luis Arán fué el certificado del registro. Ni el Sr. Camilo Suriñach ni ninguno de sus abogados me indicó que esa propiedad era de Luis Arán. * * * "

"Yo sé a qué propiedad se refiere esta ejecución que se hizo y ahora conozco la propiedad, que radica en el Boulevard Balboa y he estado allí muchas veces; sobre ese solar hay edificios incompletos.

Cuando se hizo el embargo yo no sabía dónde estaba el solar, me guié solamente por la descripción esa nada más, no sabía ni lo que tenía encima ni nada.   *   *   *   *   ''

Ni los testigos del demandante ni las conclusiones de hecho del juez sentenciador establecen nada apreciablemente fuera del conocimiento, silencio y aquiescencia pasiva que se le imputa a Suriñach en la demanda original y que se estimó por el juez especial no privar a los demandados de los beneficios de la doctrina referente a terceros.

Siendo esto cierto no podemos ahora discutir los méritos de esta resolución.

Síguese también que a pesar de lo muy inclinados que pudiésemos estar a distinguir una acción de rescisión de escrituras por razón de fraude y extremada insuficiencia de causa o lesión de un pleito para declarar ineficaces determinados títulos (*suit to quiet title*), y a evitar así la primera conclusión a que llegó el juez especial, sin embargo, siendo los hechos probados substancialmente los mismos sobre los cuales basó su decisión el juez especial, el mero hecho de que el presente pleito se ha seguido basándose en una teoría distinta constitutiva de una nueva causa de acción, no altera la situación.

La excepción previa fué sostenida y desestimada la demanda por el juez especial en parte si no principalmente porque "bajo la ley hipotecaria de Puerto Rico, las decisiones de la Corte Suprema de Puerto Rico de 30 de diciembre de 1899, 20 de diciembre de 1901, 15 de diciembre de 1902 y de 25 de diciembre de 1903 y las dos decisiones de la Corte Suprema de los Estados Unidos en *Todd* v. *Romeu*," los demandados son terceros y que la acción era improcedente. Las excepciones del demandante al informe del juez especial se basaron en la omisión del juez al no fallar:

"Primero. Que aunque la demanda expone que el título legal de la propiedad en cuestión está en los demandados, también expone que el demandante ha estado en posesión de dicha propiedad por un período de más de diez años y está ahora en posesión y es el real equi-

tativo dueño de la misma; teniendo los demandados solamente el título legal desnudo.

"Segundo. Que aunque los demandados son terceros de acuerdo con la Ley Hipotecaria de Puerto Rico, sin embargo la demanda expone que los demandados obraron fraudulentamente y de mala fe y por lo tanto dichos demandados son terceros *mala fide* y como tales no tienen derecho al privilegio de terceros compradores *bona fide* de acuerdo con dicha Ley Hipotecaria de Puerto Rico.

"Tercero. Que la demanda expone que el título legal de los demandados está manchado de fraude y mala fe.

"Cuarto. Que la demanda expone que la cuestión vital envuelta en este litigio es de hecho, a saber: si obraron o no los demandados fraudulentamente y de mala fe, y por lo tanto que ninguna cuestión de ley puede ser promovida en la forma en que la demanda está radactada."

La moción para eliminar de los autos las citadas excepciones estuvo basada en el fundamento de que el juez especial bajo la orden que se le nombró "se le confirió la misma autoridad que la corte en el asunto y su decisión sobre la excepción previa debe ser definitiva y no está sujeta a excepción alguna en revisión por la misma corte. Esta moción fué declarada con lugar y se ordenó la eliminación de las excepciones de los autos del caso. El decreto o sentencia final de la Corte Federal confirmando el informe del juez especial, interpreta éste en el sentido de no haber lugar a la demanda y, en su consecuencia, declara sin lugar la demanda.

"Cuando en un caso existen dos o más cuestiones controvertidas y todas quedan decididas en favor del mismo litigante, la corte puede basar su decisión sobre todas conjuntamente, en cuyo caso la decisión de una de ellas no es menos necesaria o material que la decisión de la otra, y la sentencia se tiene por concluyente en cuanto a ambas." 15 R. C. L. p. 980, Sección 454.

" * * * Cuando algún hecho fundamental o cuestión sustancial para la determinación de ambas acciones ha sido resuelto en un pleito anterior, y el mismo hecho o cuestión está otra vez en controversia entre las mismas partes, el fallo del mismo en el primer pleito será concluyente, si se presentare en debida forma, de la misma cuestión en el último pleito, sin tener en cuenta la cuestión de si

la causa de acción es la misma o no lo es, o si el segundo pleito envuelve la misma o distinta materia u objeto en litigio, o si es o no la misma forma de procedimiento.   En semejantes casos es inmaterial que las dos acciones estuviesen basadas sobre distintos fundamentos, o juzgadas por distintas teorías, o incoadas con distintos propósitos o dedujesen distintas pretensiones.   Un asunto, ya consista de una o más cuestiones que haya sido solemnemente fallado por una corte de competente jurisdicción, debe ser, considerado como definitiva y concluyentemente resuelto en cualquier litigio subsiguiente entre las mismas partes cuando la misma cuestión o cuestiones se hayan planteado, excepto cuando el litigio envuelve un procedimiento directo con el fin de revocar o anular dicho fallo.''   15 R. C. L., p. 974, sección 450 y casos citados; sección 59 de la Ley de Evidencia; Sentencia de Tribunal Supremo de España de 25 de abril de 1900, 89 Jur. Civ. p. 538; *Calaf et. al.* v. *Calaf,* 17 D. P. R. 198, 219.

''La mera acumulación en el segundo pleito de una parte nominal que carece de interés en la cosa objeto del litigio no impide el que un fallo anterior constituya óbice (*bar*).''   15 R. C. L. p. 1012, sección 485, y casos citados.   Véase también Sección 61 de la Ley de Evidencia; *U. S.* v. *Desmoines Valley R. Co.,* 84 F. 40; Butric Ptr., 185 Mass. 107; *Dyett* v. *Hyman,* 120 N. Y. 353; *Meagly* v. *City of Binghamton,* 43 Sup. Ct. Rep. 36 Hun. 171; *Peñalosa* v. *Tuason,* 22 Filipinas 309, 332.''

La única referencia que hace el juez sentenciador de los nuevos demandados, salvo en el párrafo en que resuelve la cuestión de *res judicata,* anteriormente transcrita, se halla en la constancia de la falta de comparecencia y anotación de la rebeldía de dichos demandados.   No se mencionan para nada en la sentencia, ni en la súplica de la demanda fuera de la contingencia que se sugiere en la cláusula final de la misma respecto de ''costas, gastos, desembolsos y honorarios de abogado contra aquellas partes que se opusieron a la demanda.'' Si las partes adicionales fueron traídas para cualesquiera otros propósitos que el de anticipar una defensa contra la excepción de cosa juzgada, ese hecho de ningún modo aparece claro ni de la demanda ni de los autos como una unidad.

En vista de la conclusión a que hemos llegado en cuanto al efecto de la resolución del Juez Especial de la Corte Fede-

ral sobre la cuestión de terceros, no necesitamos considerar si expone o no la demanda presentada en este caso una nueva causa de acción que deba distinguirse como tal ya de ambos o de cualquiera de los pleitos anteriores.

La sentencia recurrida debe ser revocada y declararse sin lugar la demanda.

> *Revocada la sentencia apelada y declarada sin lugar la demanda sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.