IGLESIA CATÓLICA, DEMANDANTE Y APELANTE APELADA, *v.* MUNICIPIO DE BAYAMÓN, DEMANDADO Y APELADO APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre reivindicación de inmueble.

No. 1935.—Resuelto en noviembre 17, 1919.

COSA JUZGADA—RES JUDICATA—REIVINDICACIÓN.—La Iglesia Católica de Bayamón inició un pleito contra el municipio de dicho pueblo sobre reivindicación de cierta parcela de terreno que el municipio tenía inscrita a su favor en el registro de la propiedad, alegando que su título procedía de cierta concesión que le había hecho el Gobierno de España hacía más de un siglo. Contestó el demandado, fué el pleito a prueba y la corte declaró la demanda sin lugar. Firme ya la sentencia, la Iglesia inició otro pleito para reivindicar la misma parcela de terreno, variando algo su descripción y omitiendo alegar la concesión como título. El título alegado fué el de posesión quieta, pacífica y no interrumpida desde 1772 hasta 1907. Entre otras defensas, el demandado alegó la de cosa juzgada. La corte apreció que existía. Apeló la demandante y este tribunal confirmó la sentencia, ya que los hechos demostraron que concurría la perfecta identidad de cosas, causas y personas que requiere la ley para la cosa juzgada.

Los hechos están expresados en la opinión.

Abogado de la demandante y apelante apelada: *Sr. José de Guzmán Benítez.*

Abogado del demandado y apelado apelante: *Sr. Manuel F. Rossy.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La Corte de Distrito de San Juan, Sección Primera, declaró sin lugar la demanda, origen de este pleito, por estimar que concurría en favor del demandado la defensa de "cosa juzgada".

La Iglesia reclamó la propiedad de cierta parcela de terreno que se encuentra inscrita a favor del municipio y pidió que se le reconociera el dominio de la misma y se ordenara la cancelación de su inscripción en el registro a favor del demandado. Este contestó alegando como tercera defensa la cosa juzgada. Fué el pleito a juicio. Se presentó la prueba pertinente a la indicada defensa y la corte, como hemos dicho, apreció su existencia y declaró la demanda sin lugar. En su opinión el juez de distrito se expresó así:

"Esta alegación de cosa juzgada debe ser considerada en primer lugar.

"En la prueba del caso se han presentado, entre otros documentos, la demanda, la opinión y la sentencia en el caso civil No. 6151 de esta corte de distrito, *La Iglesia Católica Apostólica Romana de Puerto Rico* v. *El Municipio de Bayamón*, sobre reivindicción de inmuebles; y la certificación del Registro de la Propiedad de San Juan, con referencia a la inscripción posesoria de que habla la demanda. Examinados estos documentos, cotejadas las demandas en aquel caso y este caso, y vista la certificación del registro, la corte entiende que en los dos casos hay—

"(*a*) Identidad de partes demandantes y demandadas.

"(*b*) Identidad de cosa reclamada. La finca que se pide, aunque se le haya variado un poco la superficie, es la misma; porque lo que se pide es la finca que posee el municipio bajo inscripción posesoria, y se pide la nulidad de tal inscripción. A más, el título que se alega es el mismo, porque la posesión que alega la demandante, se basa en la concesión que también alega, y que no puede estimarse separadamente del hecho de la posesión, ya que este hecho, de ser cierto, nacería de aquel título.

"(*c*) Identidad de acción en ambos pleitos.

"En el citado pleito 6151 de esta corte se dictó, en 13 de febrero de 1914, sentencia sobre los méritos del caso, declarando sin lugar la demanda; y tal sentencia aparece firme.

"Habiendo llegado a esta conclusión, la corte no tiene que resolver sobre ningún otro extremo."

La ley reguladora del caso está contenida en el artículo 1219 del Código Civil. El párrafo tercero de dicho artículo dice:

"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron."

La apelante en su alegato acepta la identidad de personas pero sostienen "que ni las causas invocadas en las respectivas demandas de ambos pleitos ni las parcelas de terreno que en ellas se reclaman son las mismas."

En cuanto a la identidad del terreno reclamado en ambos pleitos, estamos enteramente conformes con el juez sentenciador. Se trata de una parcela o solar unida a la en que se levanta la Iglesia Católica en el centro del pueblo de Bayamón y que se alega que estuvo dedicada a cementerio. Si bien en el segundo pleito se varían algo las colindancias, la variación consiste en la introducción de elementos, como el atrio de la iglesia, que antes existían pero que no se hicieron constar. Nótase en la segunda descripción un mayor cuidado, más exactitud; se reconoce en ella la existencia de las calles en su condición actual y se advierte una diferencia en la superficie, pero a pesar de todo ello queda siempre en pie el hecho de que la parcela reclamada en uno y otro pleito es la misma que consta inscrita en el registro a favor del demandado.

Tampoco erró, a nuestro juicio, la corte sentenciadora al apreciar que existía en este caso la perfecta identidad de causas que requiere la ley.

La apelante se funda para alegar lo contrario en que si bien en ambos pleitos se ejercita la misma acción reivindicatoria, en el primero el derecho del demandante se basó en cierta concesión héchale por el Gobierno de España hacía más de un siglo, mientras que en el segundo se basa en la posesión que ha venido disfrutando quieta y pacíficamente

y sin interrupción desde el año de 1772 al de 1907. Lo cierto es que en el primer pleito se alegó la concesión y la pose-sión y en el segundo se eliminó la concesión. No es posible aceptar la distinción sutil que hace la apelante. La causa, en su esencia, es la misma en ambos pleitos.

Esta materia de la "cosa juzgada" ha sido estudiada cuidadosamente por esta Corte Suprema y decidida en muchas ocasiones. En el caso de *González* v. *Méndez et al.*, 15 D. P. R. 701, se estableció la siguiente doctrina, aplicable a este pleito:

"Cuando en una acción se pide la nulidad de una enajenación hecha por la madre de los bienes de su hija menor por carecer de autorización judicial para ello y en otra acción se pide la misma nulidad por el fundamento distinto de que la madre carecía de la patria potestad sobre su hija, siendo el objeto de ambos pleitos el reclamar una herencia y anular la escritura de enajenación, existe la identidad de acción que da vida a la excepción de cosa juzgada.

"Existe la identidad de acciones requerida para la existencia de la excepción de cosa juzgada, aunque las razones o causas de nulidad de una enajenación alegadas en ambas acciones sean distintas cuando el objetivo de ambos pleitos es el mismo. Sentencia del Tribunal Supremo de España de 14 de marzo de 1898."

No se trata aquí de hechos nuevos ocurridos después de dictada la primera sentencia. Desde el primer instante la demandante estuvo en condiciones de plantear su pleito bajo las mismas bases que lo planteó por su segunda demanda. Ella tuvo la oportunidad que se concede a todos los ciudadanos. Se le dió "su día en corte". Si por un error en su gestión más bien que por falta de justicia perdió un derecho, su falta es a ella misma imputable. No es posible admitir una repetición de pleitos bajo circunstancias tales. Hablando por la corte el Juez Figueras, en el caso arriba citado, dijo:

"Esto no puede aceptarse porque nunca se constituiría un estado de derecho estable y serio porque la parte que obtuvo en su pro un fallo definitivo se vería envuelta tantas veces en otros tantos pleitos

cuantas razones de pedir distintas, pero conocidas al promover el primer pleito, pudieran ocurrirse a una imaginación fecunda.''

Véanse también las decisiones de esta Corte Suprema en los siguientes casos: *Quintero v. Morales,* 25 D. P. R. 118; *Vega et al. v. Rodríguez et al.,* 21 D. P. R. 334; *Hernández v. Arán et al.,* 20 D. P. R. 53; *Orama et al. v. Oyanguren,* 19 D. P. R. 829; *Ninlliat v. Suriñach et al.,* 18 D. P. R 195, y *Calaf et al. v. Calaf,* 17 D. P. R. 198, y la de la Corte Suprema de los Estados Unidos en el caso de *Calaf y Fugurul v. Calaf y Rivera,* 232 U. S. 371, 374.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no intervinieron en la resolución de este caso.