CENTRAL PASTO VIEJO, INC., demandante, apelante-apelada, *v.* ARTURO APONTE, JR., Y ROSALÍA R. FUERTES DE APONTE, demandados, apelados-apelantes.

No. 3404.—*Visto:* Enero 22, 1925. *Resuelto:* Abril 2, 1925.

1. COSTAS—NATURALEZA, FUNDAMENTOS Y EXTENSIÓN DEL DERECHO—ABUSO DE DISCRECIÓN.—Cuando un arrendatario se niega, sin motivo alguno, a pagar el canon estipulado y obliga al arrendador a demandarle para el pago, constituye un abuso de la discreción de la corte el no imponer las costas al demandado.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando con lugar la demanda, sin costas. *Modificada,* condenando al pago de costas.

*González Fagundo · & González, Jr.,* y *Henry G. Molina,* abogados de la demandante; *Arturo Aponte, Jr.,* y *Fernando Gallardo,* abogados de los demandados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La única cuestión a resolver en este caso es la de si la corte sentenciadora abusó o no de su discreción al dejar de condenar en costas al demandado.

La demanda se interpuso el 6 de abril de 1922. Alegóse en ella que la demandante arrendó al demandado cierta finca mediante el pago de un canon anual de $500, y que el demandado dejó de pagar dicho canon vencido el 1 de julio de 1921, a pesar de haber sido requerido para ello.

Emplazada la parte demandada adujo la excepción previa de falta de jurisdicción. Declarada la excepción sin lugar, contestó negando "que el demandado no haya pagado a la demandante los $500, importe del canon de arrendamiento objeto del litigio," y alegando como *materia nueva,* que la esposa del demandado había sido incluída indebidamente como parte en el pleito y que "el demandado Arturo Aponte ha pagado a la demandante el importe reclamado

de $500, habiendo sido resuelto el hecho del pago de esta deuda entre las mismas partes en la Corte Municipal de Humacao y luego en apelación ante esta misma corte por sentencia dictada entre las mismas partes y por el mismo contrato de arrendamiento, en sentencia que es firme y ejecutoria dictada en 31 de agosto de 1922.''

El 14 de marzo de 1924 se celebró la vista. Declaró el demandado, introducido como testigos por la demandante, que el recibo que se le mostraba se lo llevó un empleado de la demandante y él contestó con una carta. El recibo es el de los alquileres vencidos el 30 de junio de 1921. La carta, en lo pertinente, dice:

"Su empleado . . . . me entrega . . . . un recibo. . . . . Ruégoles se sirvan aplicar al pago de esta suma igual cantidad del producido de mis azúcares de la actual zafra, el cual se halla en poder de Uds.'' La carta tiene fecha noviembre 5, 1921.

Reconoció el testigo que tenía una cuenta de refacción con la demandante con motivo de la cual se tramitó y resolvió en la corte de distrito el pleito No. 7868 y admitió que en julio de 1921 le fué rendido un estado de su dicha cuenta en el cual se le abonó la suma de $3,206.89 como producto de sus azúcares y donde no se cargaron los quinientos dólares origen de este pleito.

La declaración del demandado termina así:

"En mi carta me refería yo a los azucares de la zafra de 1921. No sé si fueron o no embarcados, me refiero a mis azúcares existentes en Central Pasto Viejo en 1921. Los azúcares que yo tenía pendientes eran unos 325 sacos de esa zafra. Entonces fué que hice esa carta en que les pedí que se aplicara al pago de los quinientos dollars igual cantidad del producto de los azúcares que yo tenía. Si se hubiera hecho la aplicación que yo digo, entonces el abono en mi otra cuenta objeto de la demanda 7868 hubiera sido quinientos dollars menos. Con excepción de esta carta de 5 de noviembre, yo no hice pago de esos quinientos dollars. Los quinientos dollars de la carta de 5 de noviembre se refieren al mismo arrendamiento o canon a que se refiere esta demanda.

"Es cierto que esta corte dictó sentencia en aquel caso No. 7868,
en 2 de diciembre de 1922, y se concedió a la parte demandante, en
cuanto a aquella cuenta a que nos hemos referido ahora en mi decla-
ración, la suma de seis mil novecientos cincuenta y seis dollars veinte
y seis centavos. Creo que la corte, al conceder a la demandante
estos seis mil novecientos cincuenta y seis dollars veinte y seis cen-
tavos como saldo de esa cuenta, no abonó los quinientos dollars de
arrendamiento. Quiere decir, que esta sentencia en aquel pleito, en
esa cuenta, como he dicho, presentada con la demanda en septiembre
20 de 1921, nunca se entendió en el sentido de descontar los qui-
nientos dollars del producto de los azúcares de acuerdo con mi soli-
citud en la carta de noviembre 5, y creo que puedo aceptar eso como
un hecho."

La demandante reconoció haber recibido la carta del de-
mandado y haberle dejado de contestar por consejo de un
abogado.

Y la corte sentenciadora en su opinión, en parte, se ex-
presó así:

"En 7 de septiembre de 1921, la demandante remitió al deman-
dado el estado de su cuenta sobre abono de los $3,149.17 del pro-
ducido total de sus azúcares, y no contestó entonces que debía apli-
carse la parte correspondiente al pago de los $500 importe del canon
de arrendamiento vencido desde el 1 de julio de 1921, en que nació
su obligación, y si bien cuando se le requirió de pago, o sea en 5
de noviembre de 1921, escribió la carta en que rogaba se hiciera la
aplicación, ella no tiene efecto en contra de la reclamación, porque
en esa fecha ya el producido de los azúcares había sido abonado
a la cuenta de refacción sobre lo cual tenía conocimiento el deman-
dado y estaba ya presentada la acción en cobro del saldo de la cuenta
corriente en que aparecía dicho abono."

[1] Expuestos los anteriores hechos, se concluye inevi-
tablemente que el demandado, quizá por el encono existente
con motivo del otro pleito, conscientemente se negó a pagar
el arrendamiento que debía y se defendió en el pleito teme-
rariamente a sabiendas de que no le asistía la razón, cir-
cunstancia por la cual debió condenársele al pago de las
costas, habiendo abusado de su discreción al no hacerlo así
la corte sentenciadora.

*Debe revocarse la sentencia apelada en el pronunciamiento que ha sido objeto de la apelación y condenarse al demandado al pago de las costas.*