CIPRIANO MANRIQUE GIL, demandante y apelado, *v.* CARLOS AGUAYO MARTÍ, como único sucesor de Aguayo Hermanos y Co., S. en C., y AUGUSTO Y CONSTANT GOFFINET, demandados y apelantes.

Nos. 3749 y 3863.—*Vistos:* Marzo 18, 1926. *Resueltos:* Abril 29, 1926.

1. EMBARGOS— ELIMINACIÓN, ANULACIÓN, DISOLUCIÓN Y ABANDONO— PERSONAS CON DERECHO A SOLICITARLA.—Obligado uno por sentencia a devolver determinada suma a otra para ser entregada por ésta a su vez a un tercero, y demandados éstos por aquél se obtiene orden de embargo disponiendo que el primero de éstos se abstenga de ejecutar dicha sentencia, el causahabiente

del tercero mencionado tiene derecho a pedir la nulidad de aquella parte de la orden de embargo que suspende la ejecución de la referida sentencia.

2. PRELACIÓN DE CRÉDITOS—ACCIÓN—NATURALEZA DE LA ACCIÓN.—La demanda sobre prelación de créditos es una acción sobre cobro de dinero.

3. ASEGURAMIENTO DE SENTENCIA—ADOPCIÓN DE MEDIDAS NO PROVISTAS POR EL ESTATUTO — DISCRECIÓN JUDICIAL — REQUISITOS PARA PODER EJERCITAR LA DISCRECIÓN.—Para acudir a lo establecido en la letra (*h*) de la sección 2 de la Ley de marzo 1, 1902 (Comp. 5234) deben aparecer las circunstancias que puedan servir de base a la corte para ejercitar su discreción y adoptar las medidas procedentes para asegurar la efectividad de las sentencias.

RESOLUCIÓN de *Pablo Berga* y *Gabriel Castejón*, J. (Humacao), declarando sin lugar, respectivamente, moción sobre nulidad de orden de aseguramiento de sentencia, y moción sobre nulidad de prohibición previamente decretada. *Revocadas.*

*Leopoldo Feliú* y *Henry G. Molina,* abogados de los apelantes; *González Fagundo & González, Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Cipriano Manrique Gil interpuso demanda sobre prelación de créditos contra los demandados Carlos Aguayo Martí, como sucesor de la mercantil Aguayo Hermanos & Co., S. en C., y Augusto y Constant Goffinet, reclamando el pago preferente de la suma de $7,262.60; y para asegurar la efectividad de la sentencia, a moción del demandante, la corte inferior dictó una orden de embargo en julio 29, 1925, disponiendo el embargo de bienes de los demandados Goffinet en cantidad suficiente a cubrir la suma reclamada y costas, y disponiéndose además que dichos demandados Goffinet se abstuvieran de ejecutar la sentencia que obligaba a Manrique devolver a los demandados Goffinet la suma de $788.49 para entregar a Aguayo Hermanos & Co., S. en C. (34 D. P.R. 507), hasta tanto se resuelva en definitiva la nueva demanda sobre prelación.

El demandado Carlos Aguayo Martí, como tal sucesor de Aguayo Hermanos & Co., S. en C., pidió la nulidad de aquella parte de la orden de embargo que suspendía la ejecición de la sentencia, alegando que la corte inferior actuó sin jurisdicción ni facultad para hacerlo.

La corte inferior desestimó la moción del apelante porque "la orden de aseguramiento de sentencia no alcanza a dicho demandado, pues no se ha decretado el embargo de sus bienes, y si bien los $788.49 son para él como sucesor de Aguayo Hermanos & Co., S. en C., la sentencia ordena que se devuelva a Augusto y Constant Goffinet, que son los demandantes en dicho pleito No. 8959, y a quienes se les impide, mediante fianza, que se abstengan de cobrarlos de Cipriano Manrique."

[1] Si atendemos, sin embargo, que en el anterior pleito, 34 D.P.R. 507, el importe de la sentencia era para entregarlo en definitiva a Aguayo Hermanos & Co., S. en C., y que por esta razón Aguayo Martí fué incluído como demandado en la segunda acción en su carácter de único causahabiente de dicha mercantil, aparece evidente su derecho a intervenir en ese extremo, como parte realmente interesada, a quien podía afectar y afectaba la orden de embargo.

[2] El apelante sostiene además que la corte inferior señalando como único motivo que el embargo no alcanzaba a Aguayo, evadió resolver el punto relativo a su falta de jurisdicción para dictar la orden de embargo en ese particular.

La ley para asegurar la efectividad de sentencias, aprobada en marzo 1, 1902, dispone en la sección 2 las reglas a que deberá ajustarse el aseguramiento de sentencia. La solicitud de embargo se funda en los apartados, letras (*b*) y (*h*), de dicha sección. El primero establece que "si la obligación fuere de pagar una suma de dinero, el aseguramiento consistirá en el embargo de bienes bastantes del deudor para responder de las sumas reclamadas;" y el segundo, que "en lo no previsto en las reglas precedentes, el tribunal discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia."

[3] La demanda sobre prelación de créditos es una acción en cobro de dinero y el embargo fué decretado embargándose bienes bastantes de los demandados Augusto y

Constant Goffinet para cubrir la suma reclamada y costas.
No vemos, sin embargo, nada que no estuviera previsto por
la letra (*b*) si la obligación en definitiva es la de pagàr una
suma de dinero. Para acudir a lo establecido en la letra
(*h*) deben aparecer las circunstancias que puedan servir de
base a la corte para ejercitar su discreción y adoptar las
medidas procedentes para asegurar la efectividad de la sen-
tencia. No se alega en la solicitud para asegurar la senten-
cia, que se trata de un caso imprevisto o las circunstancias
que impidan al demandante para hacer efectivo su embargo
en los $788.49 al tiempo de ejecutarse la sentencia que con-
dena al demandante a devolver dicha cantidad a los deman-
dados Augusto y Constant Goffinet. El producto de la eje-
cución quedaría sujeto a las resultancias del nuevo pleito y
teniendo el apelado este remedio a su disposición, no vemos
que pueda sostener que su demanda en ese particular resul-
taría puramente académica si se dejase sin efecto la prohi-
bición impuesta a los demandados de abstenerse de cobrar
el importe de la sentencia. El efecto más bien sería privar
al demandado Aguayo del derecho que tiene todo deman-
dado de afianzar el embargo, si así lo deseare, conforme dis-
pone la sección 15 de la ley sobre efectividad de sentencias,
que dice:

"Sec. 15.—El pago, consignación o afianzamiento de las sumas
reclamadas al demandado, suspenderá el embargo decretado para se-
guridad de dichas sumas, o dejará sin efecto el embargo ya practi-
cado."

El apelado alude además al caso de *Goffinet* v. *Polanco,*
30 D.P.R. 826, pero este caso se distingue porque en él se
expresaron todas las circunstancias concurrentes, y tomán-
dolas en consideración se resolvió que la medida del *injunc-
tion* solicitado para suspender la ejecución de la sentencia
en dicho caso particular no era la procedente, por existir el
remedio adecuado en la ley sobre efectividad de sentencias,
aprobada en marzo 1, 1902.

Independientemente de la petición de Carlos Aguayo Martí, los demandados Augusto y Constant Goffinet también solicitaron la nulidad de la orden de embargo en el mismo extremo que se ha discutido.   Su petición fué denegada y ellos apelaron.

Es innecesario, sin embargo, en vista de las conclusiones a que antes hemos llegado, que nos detengamos a considerar los méritos de esta otra apelación, pues la cuestión fundamental suscitada es la misma.

*Por todo lo expuesto deben revocarse las resoluciones dictadas por la Corte de Distrito de Humacao en agosto 20, 1925, y febrero 10, 1926, respectivamente, y anularse la segunda parte de la orden de embargo* dictada por la referida corte en julio 29, 1925, que dispone que los demandados Augusto y Constant Goffinet se abstengan de ejecutar la sentencia dictada en el caso de *Goffinet* v. *Manrique,* 34 D.P.R. 507.