CIPRIANO MANRIQUE GIL, demandante-apelante-apelado, *v.* CARLOS AGUAYO MARTÍ Y AUGUSTO Y CONSTANT Y GOFFINET, demandados-apelados-apelantes.

No. 3918.—*Visto:* Febrero 16, 1927. *Resuelto:* Julio 26, 1927.

1. EVIDENCIA—ADMISIONES—PRUEBA Y EFECTO—EFECTO EN GENERAL—ADMISIONES JUDICIALES—ADMISIONES EN LAS ALEGACIONES.—Cuando la cuestión relativa a la inexistencia de un contrato o convenio se basa en una admisión implícita contenida en una defensa especial en que se invoca el artículo 1268 del Código Civil para alegar la prescripción, tal admisión es a lo sumo una admisión de que el contrato en cuestión era anulable pero no nulo.

2. SENTENCIA—FINALIDAD *(Conclusiveness)* DE LA ADJUDICACIÓN—CUESTIONES DETERMINADAS—ALCANCE DEL IMPEDIMENTO EN GENERAL—CUESTIONES QUE PUDIERON PROPIAMENTE HABER SIDO LITIGADAS.—Una sentencia sobre los méritos en pleito anterior entre las mismas partes y sobre la misma causa de acción, por una corte de jurisdicción competente, es un impedimento *(bar)* a otra acción sobre toda cuestión que pudo con propiedad haber sido litigada y determinada en dicha primera acción.

SENTENCIA de *Gabriel Castejón,* J. (Humacao), declarando sin lugar la demanda, sin costas. *Modificada imponiéndose las costas al demandante, y así modificada confirmada.*

*Henry G. Molina,* abogado de los apelados apelantes; *González Fagundo & González Jr.,* abogados del apelante-apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La historia anterior de la presente controversia puede hallarse en los casos de *Goffinet* v. *Manrique,* 34 D.P.R. 507 y *Manrique* v. *Aguayo Martí,* 35 D.P.R. 393.

En julio de 1918 Gregorio Solá y sus acreedores, incluyendo a Cipriano Manrique y los hermanos Goffinet, celebraron un convenio en virtud del cual los Goffinet suministrarían el dinero necesario para las plantaciones de cañas de azúcar, el pago del arrendamiento y otros gastos, de acuerdo con los contratos de refacción agrícola que posteriormente se otorgarían y después del cobro de las cantidades adeudadas, repartirían entre los demás acreedores cualquier sobrante

que quedase del producto del azúcar fabricado y vendido.
Se convino expresa y específicamente que el producido líquido
sería puesto a disposición de los acreedores contratantes.

Al decir Manrique que había adquirido los derechos de
los otros acreedores excepto los de los Goffinet, se le vendió el
azúcar sobrante y a solicitud suya, se le cargó la cantidad
total pendiente a nombre de tales otros acreedores, acredi-
tándosele el precio del azúcar así comprado por y entregado
a él. Más. tarde, los hermanos Aguayo demandaron a los
Goffinet, y éstos a su vez demandaron a Manrique por unos
setecientos dólares, cantidad que representaba una deuda
pendiente que jamás había sido transferida o cedida a Man-
rique, como éste alegó, y que, por tanto, le había sido pagada
por equivocación.

Manrique en su contestación alegó la existencia de dos
contratos posteriores de refacción agrícola, uno por dinero
suministrado por Antonio Longo y traspasado por éste a
Manrique, y otro celebrado por Gregorio Solá Delgado di-
rectamente con Manrique.   Esta alegación se copia íntegra-
mente y se discute en el caso de *Goffinet* v. *Manrique supra.*

El presente pleito fué entablado para establecer una pre-
lación a favor de los dos contratos últimamente menciona-
dos y para recobrar de los Goffinet una cantidad igual a la
de la reclamación de Aguayo, así como el crédito personal
del demandante contra la Sucesión de Gregorio Solá Del-
gado.

En adición a las materias alegadas por vía de defensa
en el pleito anterior, la demanda en el presente caso alega
que unos $8,000 de la deuda de Goffinet que fué pagada por
los demandantes en cumplimiento de una orden de un admi-
nistrador judicial de la Sucesión Solá, como parte del precio
de compra del azúcar en cuestión, constituían un mero crédito
personal no garantizado por gravamen alguno sobre el refe-
rido azúcar; que la cláusula contenida en el convenio de
1918 que disponía la custodia y distribución por los Goffinet
del azúcar que se moliera en 1920 era absolutamente nula

porque el agente y apoderado de los Goffinet no tenía auto-
ridad para obligar a su mandante mediante tal estipulación;
que el dinero recobrado en el pleito anterior había sido reci-
bido por Manrique en pago parcial de lo que se le debía de
acuerdo con sus contratos de refacción agrícola, los cuales
como resultado de esa sentencia aún no han sido pagados en
parte; que los referidos contratos, habiendo sido inscritos,
tenían y tienen prelación sobre el crédito personal de los
hermanos Aguayo, respecto del valor de los azúcares pro-
cedentes de las plantaciones de cañas de Solá, y que el cré-
dito de Aguayo a su vez tiene prelación, por ser más anti-
guo, sobre el crédito de los Goffinet por la suma no garanti-
zada de más de ocho mil dólares cobrados por ellos; que
el demandante tiene también un crédito personal contra Gre-
gorio Solá Delgado por $2,959.47 reconocido por éste en el
convenio de 1918, y es cesionario de N. Santini & Co., Cara-
ballo & Co. y J. V. Ruiz & Co., en cuanto a determinadas
cantidades que igualmente se reconocieron como adeudadas
a estos acreedores al tiempo del referido convenio, teniendo
todos esos créditos prelación sobre el crédito de Aguayo; y
que la sentencia obtenida en el pleito anterior es el resul-
tado de una acción entablada de mala fe y con el fin de ob-
tener una ventaja torticera sobre el demandante en el pre-
sente caso, falseando el montante del crédito refaccionario
de los Goffinet que se dijo ascendía a la suma de $14,279.84,
cuando realmente era sólo de $6,000.

En los comienzos del juicio, se permitió que el deman-
dante radicara una demanda enmendada, la que había sido
notificada previamente al demandado, en la que se alega
además que la teoría sobre la cual se dictó la sentencia ante-
rior en contra de Manrique fué que él había recibido de los
Goffinet el importe del crédito reclamado por Aguayo; que
esta teoría era errónea, puesto que Manrique jamás había
recibido de ellos para tal fin ni para ningún otro, suma al-
guna de dinero ni de bienes de clase alguna; que, por tanto,
al satisfacer el demandante dicha sentencia, quedaría solven-

tado el crédito de Aguayo, quedando pendiente de pago el crédito de Manrique como cesionario de Longo en una cantidad igual; que el crédito de Longo es preferente al de Aguayo, por ser el primero un crédito refaccionario inscrito y el segundo un mero crédito personal; que Manrique había adquirido también los créditos de N. Santini & Co., Ruiz & Co. y Caraballo & Co., reconocidos en el convenio de 1918, y que tales créditos, juntamente con uno de igual índole que Manrique tenía, y su crédito de refacción agrícola, quedaron totalmente insolutos, y así lo reconoció la sucesión deudora en la escritura de partición de herencia otorgada en febrero de 1921; que el crédito común de los Goffinet reconocido en el convenio de 1918, fué incluído por ellos como una partida del crédito refaccionario posteriormente concertado y en tal concepto fué cobrado por ellos, siendo el resultado una preferencia indebida sobre los demás acreedores de igual índole, o sea, Manrique y Aguayo; que del montante total cobrado por los Goffinet en concepto de reembolsos de cantidades suministradas como refacción, al amparo de dos contratos inscritos, solamente era preferente la suma de $1,537.59, única que del registro aparece recibida por el deudor porque las demás cantidades eran para entrega futura y nunca durante la vigencia de los mismos se hizo constar en el registro su entrega y que los Goffinet al cobrar su crédito totalmente, obtuvieron una indebida preferencia sobre los créditos de Manrique y Aguayo, que eran más antiguos, fueron reconocidos en el convenio de 1918, y están todavía en descubierto.

Los demandados, en adición a una negación general, alegaron como defensas separadas e independientes, entre otras, que el demandante está impedido de ejercitar esta acción por sus propios actos en relación con las distintas operaciones o transacciones que relaciona en la demanda y especialmente por aparecer de la misma que tuvo oportunidad de ejercitar el derecho que ahora alega tener en la acción que se tramitó en la misma corte, y de que se hace mención en dicha demanda, sin que tomara entonces acción alguna; que

los supuestos derechos que alega el demandante en su de-
manda y los hechos que en la misma se exponen como ale-
gados fundamentos de tales supuestos derechos, fueron re-
sueltos, o hubieran podido ser resueltos, en el mencionado
caso que terminó mediante sentencia que era ya firme al
entablarse esta acción.    34 D.P.R. 507.

[1] El demandante apela de una sentencia adversa y
alega que la corte inferior cometió error al no estimar
inexistente el convenio de 1918 por falta de poder suficiente,
según se alega en la demanda.    Esta última alegación fué
hecha por información y creencia y no se adujo prueba en
apoyo de la misma.    El apelante se basa enteramente en
una admisión implícita que dice está contenida en una de
las defensas especiales en que se invocó el artículo 1268 del
Código Civil, para alegar la prescripción.    Tal admisión
sería a lo sumo una admisión de que el contrato en cuestión
era anulable pero no nulo.    En realidad de verdad todo el
argumento del apelante gira sobre la proposición de que el
artículo 1268 no es aplicable a contratos inexistentes.    Pero,
sea esto como fuere, la teoría de que el demandante estaba
relevado de la necesidad de probar su caso por una admisión
en la contestación pasa enteramente por alto la negación
general contenida en el primer párrafo de la contestación,
sin hacer referencia a la cuestión de impedimento en virtud
de las actuaciones en relación con las disposición del azúcar
depositado con los Goffinet en cumplimiento de los términos
de la cláusula que ahora se ataca por primera vez, y con re-
lación a la propuesta distribución del producido.

[2] Otra proposición es que la corte de distrito cometió
error al resolver que la cuestión de prelación de crédito cons-
tituía cosa juzgada.

Sobre este extremo se nos cita el tomo 8 de Manresa,
página 586, el artículo 1219 del Código Civil Revisado y el
caso de *Falú* v. *Agricolt*, 34 D.P.R. 948.

No es necesario discutir en este momento la única oración

citada de Manresa, quien a su vez cita una decisión de la Corte Suprema de España fechada septiembre 28, 1897.

El caso de *Falú* v. *Agricolt* fué uno que estableció la línea divisoria. Falú había obtenido una sentencia en la corte inferior y los hechos revelados por los autos indicaban claramente que se había hecho justicia práctica. La situación exigía la confirmación del caso, siempre que se pudiera evitar la revocación. Los demandantes no habían incluído a Falú como una de las partes en el pleito, y no era una parte necesaria, pero posteriormente fué citado de evicción por el demandado en dicha acción, para responderle de su título. Según se indica en la opinión, la falta de comparecencia de Falú en dicha acción era inexplicable. La cuestión de cosa juzgada, según fué presentada en dicho caso, era embarazosa pero puramente técnica, y a fin de satisfacer las exigencias de la justicia práctica se opuso a ella una distinción técnica.

Nada encontramos en el caso presente que justifique la conclusión de que constituya una excepción a la regla general.

"El principio de cosa juzgada es una regla de derecho universal entremezclada en todo bien regulado sistema de jurisprudencia y se funda en dos razones expresadas en varias máximas del derecho común; la primera, la política pública y la necesidad, que hacen que el Estado tenga interés en que se ponga fin a los litigios—*interest republicae ut sit finis litium;* la segunda la opresión sobre el individuo por ser molestado dos veces por la misma causa—*nemo debet bis vexari pro eadem causa.*" 24 C. J. 743.

"Una sentencia sobre los méritos, dictada en un pleito anterior entre las mismas partes o sus cointeresados, sobre la misma causa de acción, por una corte de jurisdicción competente, tiene el efecto de un impedimento y no sólo en cuanto a toda cuestión que hubiera sido presentada y recibida para sostener o derrotar la reclamación, sino en cuanto a toda otra cuestión que pudiera con propiedad haber sido litigada y determinada en dicha acción." 34 C. J. 818; *Peñalosa* v. *Tuason,* 22 Jurisprudencia Filipina 309.

La cuestión no es nueva en esta jurisdicción. Ambos as-

pectos de la misma han sido bastante bien discutidos y resueltos por decisiones anteriores de esta corte que están en completa armonía con los principios generales delineados en la cita que acabamos de hacer. *González* v. *Méndez*, 15 D.P.R. 701; *Calaf et al.* v. *Calaf*, 17 D.P.R. 223; *Ninlliat* v. *Suriñach et al.*, 18 D.P.R. 195; *Ninlliat* v. *Suriñach, et al.*, 27 D.P.R. 74; *Iglesia Católica* v. *Municipio de Bayamón*, 27 D.P.R. 865; y casos citados.

El abogado del apelante trata de distinguir el caso de *Goffinet* v. *Manrique, supra,* por el fundamento de que aquella acción era una en cobro de dinero recibido, fundada en el artículo 1796 del Código Civil y en la teoría de que el dinero en cuestión había sido pagado debido a un error de hecho, esto es, en la creencia errónea de que Manrique era el cesionario de Aguayo Hermanos—mientras que la presente acción está basada en la teoría de derechos superiores o preferentes derivados del hecho de que del producto de la caña molida en 1920 y perteneciente a la Sucesión Solá, Manrique sólo recibió la cantidad adeudádale como cesionario del contrato de refacción agrícola hecho por Antonio Longo; que habiendo sido obligado por la anterior sentencia a desembolsar $788.49 de dicha cantidad, tal deuda quedó insoluta en ese montante, por lo cual el demandante ahora pide que dicho crédito sea adjudicado y declarado preferente al crédito de Goffinet por refacción agrícola y que se establezca igual preferencia a favor del crédito personal del demandante que data del 1918, y en favor de los créditos cedidos al demandante por N. Santini & Co., J. V. Ruiz & Co. y V. Caraballo & Co. También se insiste en que el pleito anterior fué para el exclusivo beneficio de Aguayo Hermanos y que el demandante no pretende perturbar la sentencia en favor de ellos ni discutir su derecho; que el pleito anterior pudo haber sido establecido por Aguayo Hermanos contra Manrique; que los Goffinet no eran partes necesarias en el mismo y nada reclamaban para sí; que en la presente controversia Aguayo es una parte nominal, nada se le pide y

no es parte necesaria; que Manrique ahora comparece no como demandado sino como demandante, en su propio derecho y como cesionario de otros acreedores y que en la demanda que ahora consideramos están envueltas prácticamente dos acciones.

Pero según indica la representación de los apelados, el presente procedimiento, como el anterior, parece ser en el fondo un pleito para recobrar dinero pagado debido a un supuesto error, siendo la diferencia esencial que aquí el error si lo hubo, no fué de hecho sino de derecho. No se pretende sostener que el dinero pagado a los Goffinet por orden de Solá y en pago de su deuda no fuera adeudado por él en dicha época, ni que el dinero fuera así pagado debido a una falsa representación de un hecho por los Goffinet, pero las alegaciones de la prueba en su totalidad dan la impresión general de que el demandante no tuvo presente, o que parece no haber sido cuestión de importancia en aquella época, que él era el dueño de ciertos créditos preferentes; que algunos de los fundamentos legales en que hubiera podido basarse tal reclamación de preferencia en el pleito anterior, no fueron descubiertos hasta después de dictada sentencia en el mismo y que otros de esos fundamentos no surgieron a la luz hasta después de radicada la demanda original en este caso.

Ni puede tampoco decirse que no se ofreció base para una alegación de preferencia en la defensa levantada en el pleito anterior meramente porque los hechos que constituían la base de tales reclamaciones no fueron tan completamente desarrollados, no estableciéndose conclusiones de derecho en la contestación. La opinión de esta corte en el caso de *Goffinet* v. *Manrique, supra,* no sólo revela el hecho de que en realidad se levantó la cuestión de preferencia, sino que definitivamente resuelve esa cuestión tal y como fué presentada entonces.

El convenio de 1918 fué interpretado por la corte inferior en el presente caso, y por esta corte en el caso de *Gof-*

*finet* v. *Manrique, supra,* en el sentido de que excluía la idea de subsiguientes contratos refaccionarios que pudieran tomar preferencia sobre los que se proponían celebrar Solá y los Goffinet.   No es probable que los Goffinet hubieran desembolsado su dinero existiendo un entendido de que su derecho al reembolso habría de estar subordinado a reclamaciones derivadas de tales contratos subsiguientes.   Manrique fué parte en el contrato original, y el crédito de Antonio Longo había sido expresamente pospuesto y subordinado por él al crédito de los Goffinet.   Las cláusulas (*c*) y (*d*) del convenio de acreedores fueron copiadas íntegramente en la opinión en el caso de *Goffinet* v. *Manrique, supra,* y no es necesario analizarlas ahora en detalle para demostrar que, tomadas conjuntamente, no están sujetas a la interpretación que ahora trata de darles el apelante.

Los demandados también apelan y sostienen que la corte inferior erró al no concederles las costas.   Estamos conformes con esto.   Lo que este Tribunal dijo con respecto a la cuestión de costas en el caso anterior de *Goffinet* v. *Manrique* es aplicable *a fortiori* a esa cuestión tal y como se presenta en este caso.   Véase también el de *Central Pasto Viejo* v. *Aponte,* 34 D.P.R. 90.

*La sentencia apelada debe modificarse imponiendo las costas al demandante, y así modificada, se confirma.*