RIVERA *v.* RIVERA EL AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 768.—Resuelto en mayo 7, 1912.

COSA JUZGADA—IDENTIDAD DE PERSONAS, COSAS Y ACCIONES.—En el caso de autos se resolvió en apelación que existe entre este pleito y otro anterior, identidad de personas, cosas y acciones y por tanto que el actual pleito fué resuelto ya por sentencia definitiva y firme, en 1909, por lo que es de aplicación la excepción alegada por los demandados de cosa juzgada, que entre las partes litigantes produce el efecto de tener por verdad lo que ha sido ya resuelto en una sentencia anterior pronunciada en pleito entre ellas.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Robustiano Biaggi.*

Abogado del apelado: *Sr. José de Diego.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por resolución de 31 de mayo de 1906 la Corte de Distrito de Mayagüez declaró herederos abintestato de Silverio Rivera Acevedo a sus hermanos legítimos nombrados Calixto, Dominga y Domitila Rivera y Acevedo y además, que no había lugar a declarar a Fausto y a Hortensio Rivera herederos abintestato del finado, porque no habían demostrado su condición de hijos naturales reconocidos de Silverio Rivera Acevedo.

En 1907 los expresados Fausto y Hortensio Rivera Arza presentaron en la misma corte una demanda contra Calixto, Dominga y Domitila Rivera Acevedo, sobre declaración de

herederos y nulidad de auto de declaración de herederos, en la que sustancialmente alegaron los siguientes hechos:

"1º. Que Silverio Rivera Acevedo y Antonia Arza vivieron en concubinato no interrumpido desde el año 1870 hasta la muerte de Silverio.

"2.º. Que en 1871 nació Fausto Rivera Arza como fruto de esa unión siendo por ellos reconocido en el acta de su nacimiento.

"3º. Que en 1874 y en las mismas condiciones nació Hortensio Rivera Arza.

"4º. Que Antonia Arza y Silverio Rivera fueron siempre solteros y podían casarse sin impedimento.

"5º. Que los demandantes son sus hijos naturales reconocidos.

"6º. Que Silverio Rivera y Acevedo no sólo los reconoció como hijos naturales en su partida de nacimiento, sino también en una escritura pública de hipoteca, en la que dicho Silverio Rivera compareció en nombre de sus hijos naturales reconocidos Fausto y Hortensio.

"7º. Que sus padres vivieron siempre juntos y los demandantes fueron tenidos siempre públicamente como hijos de ambos.

"8º. Que los demandados son hermanos legítimos de Silverio Rivera.

"9º. Que dicho Silverio Rivera falleció en 1896 sin testamento.

"10º. Que Calixto Rivera Acevedo interesó de la corte que declarase herederos de Silverio a sus hermanos, que son los demandados y a sus hijos naturales reconocidos, los demandantes; pero no habiendo presentado la prueba para justificar este extremo, la corte sólo declaró herederos a los hermanos del difunto.

"11º. Que Calixto Rivera fué comisionado por los demandantes y demandados para solicitar la declaratoria de herederos.

"12º. Que a dicho Calixto Rivera se le entregó una nota de los documentos en los cuales fueron reconocidos los demandantes como hijos naturales."

Que en vista de esos hechos sostienen los demandantes:

"1º. Que son hijos naturales reconocidos de Silverio Rivera Acevedo.

"2º. Que son sus únicos herederos; y

"3º. Que la declaratoria de herederos a favor de sus tíos es nula por tener ellos preferente derecho."

Después de esto concluyeron con la siguiente:

"SÚPLICA.

"1º. Que se declare a los demandantes únicos herederos de Silverio Rivera Acevedo; y

"2º. La nulidad de la declaratoria de herederos decretada en 31 de mayo de 1906 a favor de los demandados."

Formulada contestación y reconvención contra esa demanda y habiendo intervenido en ese juicio Gregorio Rivera, alegando tener derechos como hijo natural reconocido de Silverio Rivera, se dictó definitivamente la siguiente sentencia en 23 de febrero de 1909:

"1º. Se abstiene la corte de hacer pronunciamiento alguno en cuanto al estado civil de los demandantes Fausto y Hortensio Rivera y del interventor Gregorio Rivera, ni en cuanto a su alegado parentesco con el finado Silverio Rivera, por no haberse presentado prueba sobre el particular y por tenerles la corte desistidos de este extremo de sus respectivas demandas.

"2º. Declara que en cuanto a los derechos que puedan tener las partes en esta causa a los bienes del finado Silverio Rivera es de aplicarse el convenio y transacción verificado por escritura de 27 de junio de 1906 ante el Notario Don Mariano Riera Palmer, escritura No. 304."

"3º. Impone las costas a los demandantes."

Por la escritura No. 304 de 27 de junio de 1906 a que se hace referencia en este fallo, Fausto y Hortensio Rivera, Gregorio Rivera y Calixto, Domitila y Dominga Rivera Acevedo, hicieron constar que a causa de haber declarado la Corte de Distrito de Mayagüez a Calixto, Dominga y Domitila, hermanos de Silverio Rivera Acevedo, como sus únicos herederos y haber desestimado la petición de los otros por no haber demostrado su condición de hijos naturales reconocidos, habían surgido diferencias entre ellos, las que transaban distribuyéndose y adjudicándose entre todos los bienes de Silverio Rivera y conviniendo además, que si aparecieren otros bienes que no hayan repartido por ese documento, se los distribuirían entre todos ellos por partes iguales.

Posteriormente a esta sentencia, contra la que no se inter-

puso apelación por ninguna de las partes, presentaron los propios Fausto y Hortensio Rivera Arza en 17 de octubre de 1910 y ante la propia corte de distrito, otra demanda contra Calixto y Domitila Rivera Acevedo y contra las Sucesores de Dominga Rivera, la que tiene por título "Nulidad de declaratoria de herederos. Y sobre declaratoria de herederos de Silverio Rivera a favor de sus hijos ilegítimos."

En esta demanda, establecida para que se declare nula la declaratoria de herederos abintestato de Silverio Rivera hecha en favor de los demandados como hermanos de aquél y para que se declare que los demandantes Fausto y Hortensio, como hijos ilegítimos de Silverio Rivera son sus únicos y universales herederos, fundamentalmente se alegaron los siguientes hechos:

"1°. Que los demandantes Fausto y Hortensio fueron bautizados respectivamente en 1872 y 1874 como hijos naturales reconocidos de Silverio Rivera y de Antonia Arza.

"2°. Que los demandantes han estado siempre en posesión del estado de hijos naturales de Silverio Rivera quien los reconoció como tales en una escritura de hipoteca constituída a favor de los demandantes y en la cual su padre compareció representándolos por ser ellos menores de edad.

"3°. Que, muerto su padre Silverio Rivera, los demandantes fueron declarados herederos abintestato del difunto según resolución de 31 de mayo de 1906.

"4°. Que los demandantes se consideran los únicos y universales herederos de su padre Silverio Rivera y niegan que puedan tener participación alguna en la herencia los demandados.

"5°. Que Dominga Rivera ha fallecido, siendo sus sucesores su viudo e hijos que son demandados."

Después de lo expuesto concluye la demanda con la siguiente:

"SÚPLICA.

"1°. Que se declare nula la declaratoria de herederos de Silverio Rivera hecha a favor de los demandados en 31 de mayo de 1906; y

"2°. Que como hijos ilegítimos de Silverio Rivera se declare a los demandantes sus únicos herederos abintestato."

Al contestar esta demanda, alegaron los demandados la excepción de cosa juzgada, fundándose en que el presente pleito fué resuelto ya por la sentencia anterior de 1909, y también como reconvención cierto contrato de transacción.

También fué interventor ahora Gregorio Rivera, en el mismo concepto que antes lo fué, e hizo las mismas alegaciones que los demandados.

Visto el caso ante la Corte de Distrito de Mayagüez, ésta dictó sentencia en 24 de agosto de 1911 la que hace los siguientes pronunciamientos:

"1°. Declara sin lugar en todas sus partes la demanda de Calixto (suponemos debe ser Fausto) y Hortensio Rivera.

"2°. Se declara sin lugar la demanda del interventor Gregorio Rivera en cuanto solicita se le declare heredero abintestato de Silverio Rivera.

"3°. Se declara con lugar la reconvención en el sentido de declarar como se declara por última vez y para siempre, que en cuanto a los derechos que puedan tener las partes en este pleito a los bienes hereditarios del difunto Silverio Rivera, debe aplicarse el convenio y transacción verificados por escritura No. 304 de 27 de junio de 1906 ante el Notario de Mayagüez, Don Mariano Riera Palmer; y

"4°. Impone las costas a Fausto y Hortensio Rivera."

Esta sentencia ha sido apelada por los demandantes Fausto y Hortensio Rivera, motivando el presente recurso.

Si comparamos las demandas presentadas en 1907 y en 1910, podemos llegar a la conclusión de que hay identidad de personas, de cosas y de acción.

Identidad de personas. El pleito de 1907 y el actual de 1910 se ha seguido entre los propios demandantes contra los mismos demandados, pues si bien en el presente pleito en lugar de Dominga Rivera, por haber fallecido, han sido demandados como sus sucesores su viudo e hijos, esto no obsta para que haya identidad de personas de conformidad con el párrafo último del artículo 1219 del Código Civil que dice así:

"Se entiende que hay identidad de personas siempre que los litigantes del siguiente pleito sean causahabientes de los que entendieron

en el pleito anterior o estén unidos a ellos por vínculos de solidaridad, o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas.''

Identidad de cosas. En los dos pleitos se trata de obtener las mismas cosas o sea, que se declare nula la declaratoria de herederos de Silverio Rivera hecha en 1906 a favor de sus hermanos los demandados; y 2°., que se declare que los demandantes como hijos ilegítimos de dicho Silverio son sus únicos herederos abintestato.

Identidad de causas o acciones. Los demandantes han tenido para las peticiones antes consignadas las mismas causas de acción en ambos pleitos. En el pleito de 1907 se pidió que se anulara la declaratoria de herederos de 1906 y que declarase a los demandantes únicos herederos de Silverio Rivera, fundándose en que los demandantes eran hijos naturales reconocidos por dicho Silverio Rivera en el acta del bautismo y en una escritura pública, a más de haber tenido constantemente el estado de hijos naturales suyos, de cuyos hechos derivaban el derecho de ser ellos sus únicos herederos y por tanto que no lo fueran los hermanos de él, los demandados, por lo que debía anularse la declaratoria hecha a favor de éstos.

La demanda de 1910 pide las dos mismas cosas que la demanda de 1907 y para ello se basa en los mismos fundamentos o causas de acción que la anterior demanda a saber: que los demandantes fueron bautizados como hijos naturales de Silverio Rivera; que tenían la posesión de hijos naturales, habiendo sido además reconocidos por Silverio como tales hijos en una escritura pública. De estos hechos derivaron, que habiendo muerto su padre sin testamento, los demandantes eran sus únicos herederos y por tanto que se debía anular la declaración que en 1906 se hizo en tal concepto a favor de los demandados.

No tenemos duda de que hay identidad de personas, cosas y acción y por tanto, que el actual pleito fué resulto ya por sentencia definitiva y firme en 1909, por lo que es de aplicación

la excepción alegada por los demandados de cosa juzgada, que entre las partes litigantes produce el efecto de tener por verdad lo que ha sido ya resuelto en una sentencia anterior pronunciada en pleito entre ellos.

Es cierto que la sentencia de 1909 resolviendo la demanda de 1907, en su primer pronunciamiento se abstuvo de hacer declaración en cuanto al estado civil de los demandantes y de Gregorio Rivera y en cuanto a su parentesco con Silverio Rivera, pero entendemos que el presente pleito no versa sobre filiación, sino que partiendo del hecho afirmado en la damanda de que la filiación ya existe, de que los demandantes han sido reconocidos por su padre en el acta del bautismo y en un documento público como hijos naturales, pretenden sacar como consecuencia de esos hechos, la declaración de ser únicos herederos y la de que se anule la anterior declaratoria de herederos hecha a favor de los demandados.

La sentencia de la corte inferior no resuelve sobre la excepción de cosa juzgada alegada por los demandados y el interventor, sino que por su tercer pronunciamiento declara con lugar la reconvención que alega transacción de los derechos hereditarios de los litigantes en los bienes de Silverio Rivera, contenida en la escritura pública antes mencionada, y la manda respetar.

Habiéndose alegado la excepción de cosa juzgada hemos debido considerarla previamente a cualquier otra cuestión de las planteadas en este pleito, y como la sostenemos, es inútil considerar las otras cuestiones ya que la sentencia anterior, acertada o errónea, impide la discusión y resolución ahora de lo que se discutió y resolvió anteriormente.

Por estas razones la sentencia de la corte inferior debe ser confirmada, mas no por el fundamento de la transacción, sino por el de que las cuestiones propuestas en el pleito fueron juzgadas por sentencia anterior.        *Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.