RAFAEL CARRIÓN PACHECO, demandante y apelante, *v.* CHARLES E. LAWTON, GEORGE H. JOY, ARTURO L. CARRIÓN y VICENTE RODRÍGUEZ RIVERA, demandados y apelados.

No. 5930.—*Sometido:* Diciembre 22, 1932. *Resuelto:* Enero 26, 1933.

*H. G. Molina, Henri Brown* y *C. Ruiz Nazario,* abogados del apelante; *F. Soto Gras,* abogado del apelado Sr. Lawton.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Alega el demandante que las dos parcelas de terreno que agrupadas en una sola finca se describen en la demanda, las adquirió con el propósito de urbanizar dicho terreno, construyendo una calle y dividiéndola en solares para la venta, cuyo propósito fué llevado a efecto; que cuando se terminó la escritura de compraventa de dichas parcelas así agrupadas, ya había un entendido verbal sobre compra de solares en la nueva urbanización con varios vecinos y amigos del demandante, entre los cuales se encontraban los demandados Charles E. Lawton y George H. Joy; que inmediatamente después de la compra el demandante llamó a todos dichos amigos para que escogieran la posición y tamaño del solar deseado, y les explicó que era su plan hacer un sitio residencial escogido, a cuyo efecto no permitiría ni vendería ningún solar de menos de veinte metros de frente y que no permitiría más de una residencia por cada veinte metros de frente, y les explicó ciertas otras restricciones que pensaba imponer, haciéndose un plano provisional en que se dividía la parcela en doce solares con las dimensiones indicadas por los propuestos compradores; que el demandante vendió al demandado George H. Joy un solar marcado con el número 4, con un frente de 28 metros 59 centímetros, y sujeto a la restricción de que una sola casa podría construirse en dicho solar; que posteriormente el demandado George H. Joy vendió al Dr. Arturo L. Carrión una porción de ocho metros cincuenta y nueve centímetros de frente del solar No. 4 antes mencionado, por todo su fondo, y que el

mismo demandado Sr. Joy vendió al demandado Vicente Rodríguez Rivera el resto de dicho solar con un frente de 20 metros a la calle; que con fecha 30 de octubre de 1926 el demandante adquirió de Vicente Rodríguez Rivera dicho resto de solar y tiene construída sobre el mismo una casa de hormigón reforzado, cuyo valor no es menor de $8,500; que el demandante vendió al demandado Charles E. Lawton un solar marcado con el No. 3, segregado de las dos parcelas descritas que se agruparon en una sola finca, cuyo solar medía 33 metros 66 centímetros de frente, haciéndose constar en dicha escritura, entre otras cosas, lo siguiente: "Que en este solar el comprador o su causahabiente no podrá edificar más de una residencia, la cual se construirá a una distancia de 25 pies de la línea frente a la calle abierta en dichos terrenos."

Alega el demandante como primera causa de acción en contra de los demandados que al hacer constar en las escrituras del demandado Charles E. Lawton y del demandado George H. Joy que se podría construir una sola casa residencia y no más de una casa residencia en cada uno de dichos solares, fué la intención del demandante, y así fué entendido por los compradores Lawton y Joy y los demás compradores de solares en la parcela urbanizada por el demandante, que no se podría hacer casa residencia en un solar que tuviera menos de veinte metros de frente, tal y como si la dicha condición hubiese leído así: "El comprador y sus herederos se obligan a no construir una casa residencia en un solar que tenga menos de 20 metros de frente, ni a hacer segregación que dejare un solar con casa ya construída con menos de 20 metros de frente"; que de acuerdo con esta restricción hubo varias modificaciones de los solares en que primitiva y provisionalmente fué dividida dicha parcela, formándose nuevos solares mediante segregaciones, hasta que actualmente dicha parcela está dividida en quince solares, de los cuales siete solares tienen un frente de no menos de veinte metros, en los cuales están fabrica-

das cinco casas, sin tomar en cuenta la casa construída en el solar del demandante; que las cláusulas copiadas en las escrituras otorgadas por el demandante a favor de los demandados Charles E. Lawton y George H. Joy deben ser reformadas para que dichas cláusulas estén de acuerdo con la verdadera intención y propósitos del demandante.

En la segunda causa de acción se hace una relación del pleito promovido por Charles E. Lawton contra Vicente Rodríguez Rivera, en el cual se dictó sentencia a favor del demandante por la Corte de Distrito de San Juan, habiéndose confirmado esta sentencia más tarde por la Corte Suprema. En dicha sentencia se ordenó al demandado Vicente Rodríguez Rivera que desistiera de la construcción comenzada en la parte del solar No. 4 que le fué vendida por el Sr. Joy y que derribase cualquier parte de la construcción ya hecha. Se alega además que después de dictada dicha sentencia por la Corte de Distrito de San Juan, el aquí demandante Rafael Carrión compró a Vicente Rodríguez Rivera el solar que fué objeto del referido pleito, y comenzó a construir una casa residencia la cual fué luego terminada; que mientras dicha casa estaba en proceso de construcción el entonces demandante y ahora demandado Charles E. Lawton acudió a la Corte de Distrito de San Juan pidiendo una orden dirigida al aquí demandante Rafael Carrión para que mostrara causa por la cual no debía ser castigado por desacato, y para que se le concediera un *injunction* mandatorio ordenando la paralización de la construcción de la casa empezada y la destrucción de la parte de dicha casa que estuviese entonces levantada; que la corte de distrito dictó una resolución declarando sin lugar la moción del Sr. Lawton, y que la Corte Suprema, estimando que la referida sentencia en el caso seguido por Charles E. Lawton contra Vicente Rodríguez Rivera era *res judicata* y obligaba al aquí demandante como sucesor en interés de Vicente Rodríguez Rivera, revocó dicha resolución de la Corte de Distrito de San Juan y en su lugar dictó sentencia en la cual ordenaba al aquí

demandante para que dentro del término de noventa días contados desde la fecha de la recepción del mandato en la Secretaría de la Corte de Distrito de San Juan, derribase la casa construída por él en dicho solar; que la sentencia contra Vicente Rodríguez Rivera fué inducida y obtenida mediante declaraciones falsas hechas por el allí demandante y aquí demandado Charles E. Lawton en el juicio en dicho caso, en el sentido de que había un plano de urbanización cuando él, Lawton, compró al aquí demandante; que este plano de urbanización consistía en la división de la mencionada parcela en doce solares y tenía una restricción común a todos los solares, impidiendo la construcción de más de una sola casa residencia en cada solar, según marcado en dicho plano; que dicho plano de urbanización estuvo inscrito en el registro de la propiedad y que el aquí demandado Charles E. Lawton, allí demandante, fué inducido a comprar dicho solar a causa de dicho plano de urbanización y restricciones; que cuando dicho Charles E. Lawton compró ese solar ya estaban puestas dos columnas de concreto a la entrada de la calle con el nombre de "Carrión's Court" y sobre otros extremos; que la sentencia dictada con fecha 4 de febrero de 1925 por la Corte de Distrito de San Juan debe ser anulada y dejada sin efecto, así como también la dictada por esta Corte Suprema en 26 de junio de 1928, ordenando al demandante que derribase la casa fabricada en el referido solar.

Como tercera causa de acción alega el demandante que si la corte estima que no procede que se reformen las escrituras mencionadas o que se anule la sentencia, de todas maneras las referidas restricciones deben ser anuladas porque debido al cambio de condiciones y a la construcción de casas en la parcela mencionada y en solares con un frente de únicamente veinte metros carecen dichas restricciones de valor práctico alguno. Basado en estas alegaciones solicita el demandante que las escrituras otorgadas entre el demandante Rafael Carrión Pacheco y los demandados Charles E.

Lawton y George H. Joy sean reformadas para conformarlas con la verdadera intención de las partes, que se declare nula la sentencia dictada por la Corte de Distrito de San Juan en el caso civil No. 3033 y que también se declare nula la sentencia dictada por la Corte Suprema de Puerto Rico en 26 de junio de 1928.

El demandado niega las alegaciones esenciales de la demanda, y alega, entre otras, las siguientes defensas especiales:

"*Cosa Juzgada*. Habiendo el demandante Carrión adquirido del demandado Rodríguez Rivera la casa objeto del litigio durante la pendencia del mismo, y continuando la acción aunque a nombre del cedente, las partes en aquel pleito y en éste son las mismas y en la primera acción se levantaron o pudieron levantarse las mismas cuestiones de hecho y de derecho que ahora se discuten, siendo lo fundamental si la restricción impuesta por el propio ahora demandante al solar No. 4 es válida y eficaz, como así se resolvió en dicha acción anterior. Decimos pues que las sentencias en el pleito No. 3033 y su incidente constituyen cosa juzgada.

"*Abandono* (waiver). Alegamos que cualquier derecho que pudiera haber tenido el demandante por virtud del convenio verbal que dice modificó la cláusula restrictiva, quedó abandonado por él al no ejercitarlo en todas sus oportunidades anteriores que se relacionan en esta contestación.

"*Tardanza* (laches). Alegamos que el demandante incurrió en tardanza injustificada que le impide invocar el convenio verbal referido, toda vez que permitió transcurrieran más de seis años desde que pudo ejercitar su derecho sin tomar acción alguna, máxime cuando permitió en su consecuencia que la corte dictara una sentencia en contra de dicho convenio y basada en una declaración falsa conocida del demandante.

"*Elección de Remedio* (election of remedy). Alegamos que como el demandante tenía amplio conocimiento de la causa de acción que ahora alega para reformar el contrato y pedir la nulidad de la sentencia y en vez de hacerlo así desde el principio optó por apoyarse en sus defensas originales en el pleito 3033 que siguió por todos sus trámites, no puede ahora volver atrás y utilizar este otro remedio de reformación de contrato y nulidad de sentencia."

Dictada sentencia por la corte inferior declarando sin lugar la demanda, el demandante interpuso el presente recurso de apelación, atribuyendo a la corte diez errores. Los dos primeros, relacionados con la primera causa de acción, dicen así:

"La Corte de Distrito de San Juan, en su sentencia de 20 de octubre de 1931, erró al sostener que no procedía la reformación de los contratos de Charles E. Lawton y George H. Joy, según solicitado por el demandante en su primera causa de acción, y de que la prueba no justificaba dicha reformación.

"La Corte de Distrito de San Juan erró al dirimir a favor del demandado el conflicto de la evidencia en cuanto a la causa de acción sobre reformación de contrato, actuando con pasión, prejuicio y parcialidad al así hacerlo."

Es un hecho aceptado por ambas partes que el Dr. Carrión fabricó una casa, parte de la cual se encuentra enclavada en la porción de ocho metros cincuenta y nueve centímetros segregada del solar No. 4. Todo este litigio tiene su origen en haberse comenzado a fabricar y en haberse fabricado en la actualidad una casa en el resto del solar No. 4 que quedó reducido a veinte metros de frente. El demandante entiende que tiene derecho a que se reformen las cláusulas copiadas en las escrituras otorgadas por él a favor de los demandados Charles E. Lawton y George H. Joy, de acuerdo con los hechos alegados en su primera causa de acción. La corte inferior declara que la prueba del demandante en apoyo de esta causa de acción es en extremo deficiente. No se ha demostrado que la corte actuara movida por pasión, parcialidad y prejuicio, y no hay razón alguna para rechazar sus conclusiones. Además el demandado ha presentado la defensa de cosa juzgada, que, en caso de prevalecer, hace innecesario que resolvamos ahora si la acción de reforma de contrato, tal y como surge de las alegaciones de la demanda, puede ejercitarse o no dentro de nuestro derecho civil. Hemos examinado detenidamente la demanda radicada en el pleito original interpuesto por Charles E.

Lawton contra Vicente Rodríguez Rivera. En ella se alega que la agrupación de las dos parcelas de terreno compradas por Carrión se efectuó con el propósito de distribuir dichos terrenos, levantándose un plano de la finca así agrupada mediante el cual quedó dividida en doce solares, seis a cada lado de una calle también en dichos terrenos, de ocho metros de frente y extendida de norte a sur. Se alega además que el entonces demandante Charles E. Lawton, así enterado del plan e inducido por Carrión, adquirió el solar marcado con el No. 3, según se describe en la escritura de adquisición, donde se hizo constar, entre otras, la restricción de que no podría edificarse más de una casa residencia en cada solar. Estos hechos aparecen negados en la contestación que en aquel pleito interpusiera Vicente Rodríguez Rivera. De la opinión emitida por la Corte de Distrito de San Juan en dicho caso copiamos lo siguiente:

"Fabricada que ha sido una casa del solar No. 4, colindante por el norte con el número 3 propiedad del demandante, no puede el demandado fabricar otra casa en el resto de dicho solar No. 4 sin violar la cláusula restrictiva que se hizo constar en la escritura original de venta otorgada por Carrión a favor de Joy (de quien adquirió Rodríguez), y que fué inscrita en el Registro de la Propiedad. Esa cláusula claramente se insertó en dicha escritura para beneficio de todos los que hubiesen adquirido o adquiriesen solares en aquel sitio, como el demandante en este caso, bajo la impresión derivada de los actos de Carrión de que lo hacían dentro de un plan general de urbanización."

Esta sentencia fué confirmada en apelación por el Tribunal Supremo. Es, pues, evidente que la corte resolvió en el pleito original que hubo un plan general de urbanización, que este plan contenía ciertas restricciones y que una de ellas era que no podría edificarse más de una casa residencia en cada solar. Estos hechos, resueltos de una manera conclusiva y definitiva por la sentencia entonces dictada, obligan a Vicente Rodríguez Rivera y a su causahabiente el demandante Carrión, quien además resulta ser el dueño original de las parcelas de terreno agrupadas, que inició y llevó a

cabo el plan de urbanización y estableció las restricciones. El demandante pretende que se reforme el contrato, incorporándose una cláusula que, de ser aceptada, echaría por tierra los pronunciamientos ya firmes de la corte en el pleito original y destruiría los efectos de la cosa juzgada. Si, como alega Carrión, de acuerdo con el convenio celebrado, la cláusula debe decir que el comprador y sus herederos se obligan a no construir una casa residencia en un solar que tenga menos de veinte metros de frente, ni a hacer segregación que dejare un solar con casa ya construída con menos de 20 metros de frente, entonces el pronunciamiento de la corte declarando probado el hecho de que no podría edificarse más de una casa residencia en cada solar no tendría razón de ser y la restricción que se alegó y probó en el pleito original quedaría prácticamente anulada. Es evidente que ambas cláusulas están en conflicto. La subsistencia de la una implica la anulación de la otra. Sabemos que es éste el propósito que persigue el demandante, pero hemos querido hacer resaltar los efectos que produciría la reforma que solicita, para demostrar que la cuestión decisiva y realmente litigada, y la que determinó el resultado obtenido en el pleito original, quedaría virtualmente anulada si se adoptase la cláusula que se intenta incorporar en el mencionado contrato. Lo que realmente se pretende es la eliminación de la cláusula anterior para dejar en su lugar la que ahora propone el demandante. Si lo alegado y declarado por el Sr. Carrión en el presente caso es cierto, los hechos existen desde que se inició el plan de urbanización, y siendo ello así, el demandado en el pleito original, Sr. Rodríguez Rivera, tuvo oportunidad de someter entonces a la corte la misma cuestión que su causahabiente el Sr. Carrión pretende que nosotros ahora resolvamos. No cabe alegar que el Sr. Rodríguez Rivera ignoraba estas cosas que Carrión como dueño original y organizador del plan se tenía bien sabidas. El Sr. Rodríguez Rivera conocía por el registro que se había levantado un plano de urbanización. Así lo dice la escri-

tura de adquisición de Joy y así consta en la inscripción. Tenía conocimiento el Sr. Rodríguez Rivera de la restricción, por el mismo registro, y por la aclaración que el Sr. Carrión aparece haciendo en el contrato de compraventa, consignado en escritura pública, que se llevó a cabo entre los Sres. Joy y Rodríguez Rivera. Bien pudo este último solicitar del Sr. Carrión toda la información que éste poseyera acerca del plan de urbanización y el alcance de las restricciones, y haber interpuesto como defensa, si los creía ciertos, los mismos hechos que ahora alega el Sr. Carrión para pedir que se reforme el contrato.

El Sr. Carrión, en su carácter de causahabiente del Sr. Rodríguez, ocupa su mismo puesto y no puede formular con éxito favorable alegaciones que este último está impedido de establecer. Tanto para el Sr. Rodríguez Rivera como para el Sr. Carrión la conclusión de la corte de que no se puede edificar más de una casa residencia en el solar No. 4 tiene el carácter de cosa juzgada. Ésta fué la alegación fundamental establecida en el pleito anterior. Sin ella hubiese sido imposible dictar sentencia en favor del demandante, porque la demanda no habría aducido hechos suficientes para determinar una causa de acción.

■■ El tercer error atribuído a la corte inferior por la parte demandante dice. así:

"La Corte de Distrito de San Juan, en su ameritada sentencia, erró al sostener que no procedía anular las sentencias dictadas en el caso Civil No. 3033 por haber sido obtenidas mediante declaraciones falsas de Lawton, según solicitado por el demandante en su segunda causa de acción, después de asumirse por la propia Corte que fueron falsas las declaraciones de Lawton en cuanto a la existencia de las dos columnas de concreto con la inscripción 'Carrión's Court' en la fecha de la adquisición por Lawton, así como que del plano o plan de urbanización no se había tomado nota en el Registro de la Propiedad. Al así resolver, la Corte actuó movida por pasión, prejuicio y parcialidad."

Al discutir el error que antecede, resolveremos también

los errores cuarto y quinto que, como muy bien dice el demandante, descansan sobre la misma argumentación.

Copia el demandante los hechos segundo, tercero, cuarto y quinto de la demanda original interpuesta por Lawton contra Vicente Rodríguez Rivera, parte de la declaración del entonces demandante Lawton, algunas de las conclusiones de la Corte de Distrito de San Juan, de esta Corte Suprema y de la Corte de Circuito de Apelaciones, para demostrar que las alegaciones y declaraciones de Lawton, calificadas de fraudulentas, dieron lugar a estas conclusiones de las cortes de justicia basadas en premisas falsas.

Copiamos a continuación los hechos de la demanda original a que se refiere el demandante en su alegato:

"2.—Que la agrupación referida se efectuó con el propósito de urbanizar dichos terrenos, levantándose un plano de la finca así agrupada mediante el cual quedó dividida en doce solares, seis a cada lado de una calle también en dichos terrenos, de ocho metros de frente y extendida de Norte a Sur.

"3.—Que la agrupación, urbanización y plano dividiéndola en solares y destinando una calle para uso de los mismos se hizo constar en el Registro de la Propiedad y además fué publicada en general por el primitivo dueño Carrión y especialmente dió conocimiento de la urbanización y repartos repetidos a los compradores y personas interesadas en adquirir solares, dando al sitio el nombre de 'CARRIÓN'S COURT'.

"4.—Que el plan de urbanización referido contenía también ciertas restricciones en la edificación de los solares, entre ellas la de que no podría edificarse más de una casa residencia en cada solar.

"5.—Que el demandante, así enterado del plan, e inducido por Carrión, adquirió el solar marcado con el número tres, según se describe en la escritura de adquisición ante Salvador Suau Carbonell, de 13 de febrero de 1923, donde se hizo constar la restricción antes mencionada sobre edificación, que fué inscrita en el Registro de la Propiedad."

Comparando las alegaciones de Lawton en el pleito original y las de Carrión en el presente litigio, se observa que ambos litigantes están de acuerdo en ciertos extremos de importancia, que en otros existen pequeñas diferencias, y en

algunos difieren en cuestiones esenciales. Lawton alega que se efectuó la agrupación con el propósito de urbanizar dichos terrenos, levantándose un plano de la finca mediante el cual quedó dividido en doce solares; Carrión alega que dicho terreno fué adquirido con el propósito de urbanizarlo, haciéndose un plano provisional en que se dividía la parcela en doce solares con las dimensiones indicadas por los propuestos compradores (hechos segundo y cuarto de la demanda); Lawton alega que el plano de urbanización contenía ciertas restricciones en la edificación de los solares, entre ellas la de que no podría edificarse más de una casa residencia en cada solar; Carrión alega que los solares vendidos a Joy y Lawton estaban sujetos a la restricción de que no podría construirse más de una casa en cada uno de dichos solares; Lawton alega que Carrión dió conocimiento de la urbanización y reparto repetidos a los compradores y personas interesadas en adquirir solares, dando al sitio el nombre de "Carrión's Court"; Carrión alega que llamó a todos dichos amigos para que escogieran la posición y tamaño del solar deseado y les explicó que era su plan hacer un sitio residencial escogido. La alegación sobre los veinte metros de frente, negada por el demandado, constituye el punto fundamental de la controversia entre las partes.

Basa el demandante su petición de nulidad de sentencia en que ésta fué obtenida por Lawton mediante alegaciones y declaraciones fraudulentas. Ya conocemos las alegaciones juradas por Lawton que el demandante califica de falsas y fraudulentas. Copiamos del testimonio producido por el demandante en aquella ocasión las manifestaciones que han dado origen a esta acusación de fraude:

"A.—¿Ud. ha tenido algún negocio con el Sr. Carrión referente a la compra de terrenos en Santurce?

"T.—Sí, señor.

"A.—¿En qué consistió esa operación?

"T.—Yo compré un solar en 'Carrión's Court'.

"A.—¿Ese nombre Carrión's Court, aparece en alguna parte escrito?

"T.—En los planos.

"A.—¿En alguna otra parte?

"T.—Creo que a la entrada de la calle McLeary.

"A.—¿En las columnas a la entrada de esos terrenos está el nombre escrito?

"T.—Sí, señor.

"A.—¿Ud. entró en negocio con Carrión para comprarle un terreno?

"T.—Sí, señor.

"*          *          *          *          *          *          *

"A.—¿Qué indujo a Ud., Sr. Lawton, a comprar este solar No. 3 de los terrenos del Sr .Carrión?

"*          *          *          *          *          *          *

"T.—Creí que estaba comprando un solar en una propiedad que tenía ciertas restricciones y solares de ciertos tamaños en lo que llamaban "Carrión's Park', para estar más o menos aislado.

"A.—¿Cuando Ud. compró este solar los terrenos estaban para dividir o se le enseñó un plano de la división de ellos?

"T.—Compré el solar teniendo el plano a la vista.

"A.—¿Ese es el plano que yo presenté aquí?

"T.—No, señor, ese no fué, el mío tiene mi nombre escrito.

"A.—¿Pero ese es el plano original?

"T.—Una copia.

"A.—¿Cuando Ud. compró este solar, esos terrenos se conocían con ese nombre de CARRIÓN's PARK?

"T.—Sí, señor.

"A.—¿Se conocían con ese nombre?

"T.—Sí, señor.

"A.—Ud. conoce la casa que edificó el Dr. Carrión?

"T.—Sí, señor.

"A.—¿Cuando se edificó esa casa, Ud. estaba en Puerto Rico?

"T.—No, señor, en el Norte en vacaciones."

Se atribuye una gran importancia a la declaración de Lawton sobre el nombre de "Carrión's Court" escrito en las columnas a la entrada de la calle McLeary. Lawton declara que cuando compró el solar se conocían esos terrenos con el nombre de "Carrión's Park". No hay ningún testimonio que diga que para esa fecha la finca agrupada no fuese conocida con este nombre. Carrión declara que los muros se hicieron a mediados de 1922. Para justificar la fe-

cha presenta como prueba, entre otros documentos, una cuenta del Sr. Nechodoma quien hizo un trabajo de mosaico de cristal con el nombre de ''Carrión's Court'' para ponerlo en la calle. Esta cuenta tiene fecha de 20 de mayo de 1922. La escritura de venta del solar otorgada por Carrión a favor de Lawton tiene fecha 13 de febrero de 1922. En 3 de abril de 1922, cuando aun no habían transcurrido dos meses de la venta del solar a Lawton, aparecen vendidos y entregados al Sr. Carrión ciertos materiales para la referida obra. De modo que si bien es cierto que las columnas no estaban construídas cuando Lawton compró el solar, la verdad es que muy cerca de esa fecha ya se pensaba, o se estaba en proceso de construirlas. En cuanto a que Lawton declarara que las columnas estuviesen construídas cuando compró el solar, es cosa que no resulta clara. No debemos olvidarnos de que el testigo está declarando en 1924, o sea dos años después de construídas las referidas columnas. A raíz de haber declarado que compró el solar, se le pregunta si el nombre de ''Carrión's Court'' aparece escrito en las columnas a la entrada de los terrenos y contesta que sí. Luego dice que cuando compró el solar los terrenos se conocían con el nombre de ''Carrión's Park'', y no se ha demostrado que esta afirmación sea incierta.

Éste es el testimonio de Lawton que se tacha de fraudulento, sin que a nuestro juicio se haya justificado esta imputación. Veamos ahora cómo interpretó estas manifestaciones la Corte de Distrito de San Juan. En la opinión emitida por dicho tribunal se dice que a la urbanización se le dió el nombre de ''Carrión's Court'', y en su frente y entrada se colocaron dos pilares de cemento en los cuales dicho nombre aparecía fijado. La Corte Suprema dice en la opinión que se emitió al confirmar la sentencia, que a la entrada de la calle aparecen colocadas dos mesetas, inscribiéndose en las mismas, ostensiblemente, el nombre de ''Carrión's Court''. No es aventurado decir que si no se hubiesen men-

cionado estas mesetas con su inscripción se habrían establecido las mismas conclusiones y dictado idéntico fallo.

Ambas cortes hablan de los actos preliminares de Rafael Carrión Pacheco, quien levanta un plano general del terreno donde se divide la finca en solares del 1 al 12 frente a una calle que los divide seis a cada lado y quien a su entrada coloca dos mesetas en las que inscribe el nombre de "Carrión's Court". Todos estos actos, de acuerdo con la opinión de esta corte, confirmando a la corte inferior, demuestran de una manera evidente y explícita la existencia de un plan general de mejoras, exclusivo y privado, para uso y disfrute de futuros compradores. De modo que no fueron las dos columnas colocadas a la entrada de la calle con el nombre de "Carrión's Court" las que dieron lugar al fallo de la corte, sino todos los actos realizados por Carrión. No hay razones para suponer, como ya apuntamos antes, que no se hubiera dictado el mismo fallo si no se hubiesen mencionado para nada en el pleito original las referidas mesetas y la inscripción que en ellas se hizo. Ahora bien, el hecho de que no apareciese la inscripción desde el primer momento, no prueba la inexistencia de un plan con el consabido nombre aplicado a la urbanización. Es natural que el nombre surgiera después de adquirir Carrión la finca y es posible que surgiera coetáneamente con el proyecto de urbanización. La construcción de estas columnas poco después de adquirida la finca por el demandante, y la colocación de su nombre en los pilares, es una demostración evidente y explícita de que existió el propósito de aplicar dicho nombre a la urbanización.

Para que pueda dejarse sin efecto una sentencia por fraude debe aparecer que la misma no tuvo otro fundamento que el fraude imputado y que si no hubiese habido fraude no se habría dictado dicha sentencia. *Dringer* v. *Erie R. Co.*, 42 N. J. Eq. 573.

La gran mayoría de las decisiones sostiene que el simple hecho de que se haya cometido perjurio por la parte que

obtiene una sentencia no es motivo para decretar su nulidad. *Robertson* v. *Freebury et al.,* 87 Washington 558, 152 Pac. 5. Las alegaciones de una demanda pueden ser erróneas o inciertas y sin embargo haber sido hechas de buena fe, en la creencia de que son ciertas. Cuando la alegación se hace de mala fe, conociendo su falsedad, si en virtud de ella se obtiene una sentencia que de otro modo no se hubiera dictado, entonces la parte perjudicada tiene derecho a ser protegida por los principios de la justicia y la equidad. El fraude extrínseco que vicia la sentencia de nulidad, según se define por Lord Cairns en *Patch* v. *Ward,* Law Rep. 3 Ch. App. 203, es el fraude efectivo que denuncia *malus animus* en la persona a quien se imputa, mala *mens* puesta en moción y actuando para derivar ventaja indebida de otra persona con el propósito real de defraudarla a sabiendas.

En cuanto al plano general del terreno, donde la finca se divide en doce solares, con una calle que los separa, seis a cada lado, no hay contradicción en la prueba. También alega el demandante que se hizo "un plano provisional en que se divide la parcela en doce solares con las dimensiones indicadas por los propuestos compradores", todo lo cual comprueba la existencia de dos planos, uno provisional y otro general, que es el mencionado en el registro de la propiedad. Con respecto al plano general se alegó por Lawton en el pleito original que la agrupación, urbanización y plano dividiendo la finca en solares y destinando una calle para uso de los mismos, se hizo constar en el registro de la propiedad. Se tacha también de falsa esta alegación, hecha bajo juramento, pero que fué negada por el entonces demandado, y sobre la cual no dijo Lawton una palabra cuando declaró como testigo. Las conclusiones de la corte de distrito y de la Corte Suprema en el pleito original se basan exclusivamente en la prueba documental. De la certificación que obra en autos aparece que la inscripción a favor de Lawton se llevó a cabo en febrero y la de Joy en abril de 1922. Lawton fué el primer comprador de solares que ins-

cribió su título. En la inscripción del solar comprado por Lawton se dice que dicho solar está señalado con el número 3 del plano de urbanización de la finca principal y que es condición de la venta que el comprador o causahabiente no podrá edificar más de una casa residencia en dicho solar. En la inscripción a favor de Joy se dice que su solar está señalado con el No. 4 en el plano de urbanización de la finca principal y que el comprador, sus herederos y sucesores se obligan a construir una sola casa en dicho solar. Ésta fué la prueba que tuvo la corte de distrito para decir, ajustándose a la verdad, que estas restricciones se hicieron constar en el registro de la propiedad. Y en esta misma prueba se basó este tribunal para decir que los solares 3 y 4 se inscribieron en el registro haciéndose expresa mención del plano de urbanización de la finca principal. En el presente litigio se han presentado como prueba otros documentos de venta de solares donde consta del registro la misma referencia al plano de urbanización, así como a las restricciones. Basta lo expuesto para justificar la desestimación de los errores tercero, cuarto y quinto atribuídos a la corte inferior.

Se alega en el error sexto que "la Corte de Distrito de San Juan, en su ameritada sentencia, erró al sostener que no procedía declarar que debido al cambio de condiciones la cláusula restrictiva carecía de valor práctico alguno, y que el demandado Lawton está impedido en equidad de insistir en tales restricciones, según solicitado por el demandante en su tercera causa de acción, y al sostener que la prueba no justifica una resolución en dicho sentido. Al así resolverlo dicha corte actuó movida por pasión, prejuicio y parcialidad."

Las condiciones existentes en la urbanización cuando se promovió el pleito original son prácticamente las mismas que existían cuando se inició el presente litigio. El mismo Carrión admite que no ha habido variación en "Carrión's Court" desde hace más de cinco años. Esto lo declara en marzo de 1931. Es claro que el demandado Rodríguez Ri-

vera tuvo oportunidad de alegar cualquier alteración o cambio que constituyese una buena defensa. No se ha probado que de entonces a acá hayan ocurrido cambios que justifiquen el remedio solicitado por el demandante. Opinamos que el Sr. Carrión está impedido de establecer esta defensa que no presentó su causante, cuando fué demandado seis años antes de haberse promovido esta acción. No se ha justificado que la corte inferior actuara movida por pasión, prejuicio o parcialidad. Conviene hacer constar que de acuerdo con la prueba presentada, en los solares señalados con los números 1, 2 y 6 no se ha construído casa alguna. En el resto de la parcela se han construído nueve casas, excluyendo la del Sr. Carrión en el solar No. 4 que ha sido mandada a destruir por orden judicial. En el solar No. 5 aparece construída una casa y parte de otra, y lo mismo ocurre en el solar No. 12. En los demás solares únicamente se ha construído una casa en cada solar, excluyendo la del Sr. Carrión, cuya destrucción ha sido ordenada. El Sr. Carrión declaró que todas estas casas fueron construídas con anterioridad a la venta de Joy a Rodríguez, con excepción de una que construyera la Srta. Ana A. Márquez en el solar No. 5. Sentadas estas conclusiones procede desestimar los errores sexto y séptimo que se relacionan con el alegado cambio de condiciones. Se desestiman también los errores octavo y noveno, en los cuales se alega que la sentencia dictada es contraria a derecho y al peso y preponderancia de la prueba. Se alega por último que la corte inferior cometió error al condenar en costas al demandante. Opinamos que debe desestimarse este último error.

*Debe confirmarse la sentencia apelada.*