LEOPOLDO J. E. VÁZQUEZ PRADA Y LÓPEZ, demandante y apelante, *v.* CIPRIANO SANTOS Y LANCHAS, MERINO, RODRÍGUEZ HERMANOS, y la SUCESIÓN DE GABRIEL MARTÍN SÁNCHEZ, compuesta de su viuda MANUELA MORO GARCÍA y de sus hijos MANUEL, JOSEFA ERMELINDA, MARÍA AURORA, MARÍA NESTORA DEL PILAR y MARÍA ISABEL MARTÍN, demandados y apelados.

Núm. 7750.—*Sometido:* Febrero 14, 1939. *Resuelto:* Abril 14, 1939.

*Leopoldo José E. Vázquez Prada,* por su propio derecho; *Carlos Santana Becerra,* abogado de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La demanda en este caso contiene cuatro causas de acción. En la primera se alega que doña Francisca Luisa López Laborde falleció el 26 de julio de 1918 dejando siete hijos —siendo uno de ellos el demandante y apelante—quienes fueron declarados sus únicos herederos por resolución de la Corte de Distrito de San Juan dictada en 31 de diciembre del mismo año; que los otros seis herederos cedieron todos sus derechos hereditarios al demandante y aquí apelante; que por escritura de 30 de marzo de 1916, la referida causante por sí y en representación de sus menores hijos Jaime José, Luz, Estela Catalina, Marina Petra Luz, Leopoldo José Eulogio Vázquez; y Arturo Leopoldo Vázquez y Luisa Ana María Vázquez, constituyeron hipoteca sobre una casa en San Juan a favor del demandado Cipriano Santos y Lanchas para responderle de la suma de $8,400, más intereses, costas y honorarios; que en noviembre 11 de 1916 el demandado inició ante la Corte de Distrito de San Juan procedimiento sumario para la ejecución de dicha hipoteca y solicitó se expidiese el correspondiente requerimiento de pago, el cual fué expedido y cumplimentado por un tal Bernardo Artigas mediante entrega de copia del requerimiento y de la demanda a doña Luisa López Laborde, por sí y como madre con patria potestad sobre sus menores hijos; que aun cuando el auto de requerimiento expedido estaba dirigido al márshal, que es el encargado de cumplimentar las órdenes judiciales, el secretario de la corte permitió que el requerimiento fuese diligenciado por una persona particular; y que en febrero 6 de 1917 la corte de distrito dictó sentencia condenando a todos los deudores hipotecarios al pago de $8,400 de principal, $315 por intereses y $1,150 para costas, gastos y honorarios, y ordenó la venta en pública subasta de la finca hipotecada, la que fué así vendida y adjudicada al acreedor el aquí demandado y apelado.

En la segunda causa de acción se reproducen las alegaciones de la primera y se alega que en la fecha en que se diligenció el requerimiento el acreedor ejecutante sabía que el aquí demandante tenía cumplidos 21 años de edad; que en esa fecha el demandante tenía su residencia en la casa núm. 24, Calle San José, en San Juan; que el márshal vendió la finca hipotecada sin antes haber trabado embargo sobre la misma; que el demandante no ha sido requerido de pago personalmente; que al dorso del requerimiento aparece que el demandante fué requerido como menor de edad; que el demandante era quien administraba la casa hipotecada desde marzo 30, 1916; que el procedimiento seguido, la sentencia dictada y la venta y adjudicación de la finca al demandado son nulos por haber sido hecho el requerimiento por persona particular y no por el márshal y por no haber sido requerido el demandante personalmente; que el demandante ha sido privado y desposeído de su propiedad sin el debido proceso de ley y sin que la corte hubiese adquirido jurisdicción sobre su persona o sobre su propiedad.

En la tercera causa de acción se reclaman $44,000 como importe de los frutos y rentas de la finca desde la fecha de su adjudicación hasta la de la radicación de la demanda, más $14,061.72 por daños sufridos por el demandante al no poder efectuar la venta de la finca.

En la cuarta causa de acción se alega la constitución en 12 de enero de 1918 de una hipoteca de $9,000 por el demandado Cipriano Santos Lanchas a favor de los demandados "Merino, Rodríguez & Hermanos," a quienes se imputa haber tenido conocimiento de los alegados vicios de nulidad en el título del otorgante de tal hipoteca; que la referida hipoteca está vencida y no ha sido prorrogada ni cancelada; que en enero 17, 1923, Santos Lanchas y su esposa vendieron la finca objeto de esta demanda a Gabriel Martín Sánchez, casado con la demandada Manuela Moro de Martín, quien la inscribió a su nombre y quien también tenía conocimiento de los alegados vicios de nulidad en el procedimiento mediante el

cual Santos Lanchas adquirió la finca; que al fallecimiento de Gabriel Martín Sánchez, todos sus derechos sobre la finca pasaron a sus cinco hijos y a su viuda, quienes figuran en la demanda como demandados y a quienes se imputa haber adquirido con conocimiento de los alegados vicios de nulidad; y que al hacerse la división de la herencia de don Gabriel Martín, la finca objeto de esta demanda fué adjudicada a la heredera María Nestora del Pilar Martín, esposa del demandado Cipriano Santos y Lanchas, quien tenía conocimiento de las alegadas causas de nulidad.

En la súplica de su demanda pide el demandante que se dicte sentencia por la que se decrete la nulidad de todos los procedimientos, actuaciones, escrituras y traspasos a los cuales se ha hecho referencia en la demanda; y que se condene al demandado Cipriano Santos y Lanchas al pago de $58,061.72 y a devolver la finca al demandante.

Contestaron la demanda los demandados Cipriano Santos Lanchas y su esposa, quienes interpusieron la defensa especial de "cosa juzgada," alegando: 1°., que en 8 de marzo de 1926 el aquí demandante y apelante y sus seis hermanos promovieron ante la Corte de Distrito de San Juan, bajo el núm. 1,052, contra el aquí demandado y apelado Cipriano Santos Lanchas y Gabriel Martín Sánchez y su esposa, una acción de nulidad del mismo procedimiento hipotecario de cuya alegada nulidad se trata en esta nueva acción; que en la dicha causa núm. 1,052 se alegaron substancialmente las mismas causas de nulidad que se alegan en este nuevo pleito; y que en dicha acción se dictó sentencia desestimando la demanda, la cual sentencia fué confirmada en apelación por el Tribunal Supremo de Puerto Rico, por lo que el demandante está impedido para ejercitar nuevamente la misma acción; 2°., que en primero de agosto de 1929, los mismos demandantes y entre ellos el aquí apelante, promovieron la acción núm. 10,187 ante la Corte de Distrito de San Juan, contra el mismo demandado. Cipriano Santos Lanchas y su esposa, sobre nulidad de lós mismos procedimientos a que se

refiere la presente acción; que en dicha causa núm. 10,187 recayó sentencia en 9 de marzo de 1931 declarando sin lugar la demanda, quedando dicha sentencia firme por haber desistido los demandantes de la apelación que interpusieron para ante la Corte Suprema de Puerto Rico.

Visto el caso ante la Corte de Distrito de San Juan, dictó ésta sentencia en mayo 17 de 1933 desestimando la demanda, sin especial condenación de costas. No conforme el demandante apeló. Y este Tribunal Supremo en 23 de diciembre de 1935 revocó la sentencia recurrida y devolvió el caso a la corte de su procedencia para ulteriores procedimientos de conformidad con la opinión emitida y publicada en 49 D.P.R. 308.

Después de reconsiderar el caso por las mismas alegaciones y evidencia que le fueron sometidas originalmente, la Corte de Distrito de San Juan, ajustándose a los términos de la citada opinión de este tribunal, dictó sentencia en mayo primero de 1937 declarando con lugar "las dos defensas de cosa juzgada y de inconsistencia o convalidación de las actuaciones hechas por el propio demandante que adquirió todos los derechos y acciones de sus hermanos" y en su consecuencia desestimó la demanda sin especial condenación de costas.

Por el presente recurso el demandante y apelante solicita la revocación de dicha sentencia.

La única cuestión que debemos considerar y resolver es si la corte inferior procedió correctamente al sostener la excepción de "cosa juzgada" interpuesta por los demandados y apelados. Veamos, pues, si del récord ante nos aparece claramente establecida la identidad de partes, acciones y cosas necesaria en derecho para que pueda alegarse con éxito dicha excepción.

El pleito civil núm. 1052 iniciado ante la Corte de Distrito de San Juan en el año 1926, por el demandante y apelante y por sus hermanos, tenía por objeto la anulación del procedimiento ejecutivo hipotecario iniciado por Cipriano Santos Lanchas en noviembre 11, 1916, que es el mismo pro-

cedimiento de cuya alegada nulidad se trata en el presente caso. La solicitud de nulidad en el caso anterior núm. 1052 se basaba en la alegación de que el acreedor hipotecario había ejecutado su hipoteca por una suma mayor de la que en realidad le correspondía. Desestimada la demanda por la corte de distrito, apelaron los demandantes y esta Corte Suprema confirmó la sentencia recurrida (40 D.P.R. 53).

En el pleito civil núm. 10,187 iniciado en 1 de agosto de 1929 por el aquí demandante y apelante, ante la Corte de Distrito de San Juan, contra los aquí demandados y apelados, se solicitó la declaración de nulidad del mismo procedimiento ejecutivo a que se refiere el presente litigio y se reclamó además el pago de frutos producidos por la finca y la nulidad de ciertos traspasos hechos por Cipriano Santos Lanchas con posterioridad a la ejecución. Interpuesta por los demandados la excepción de ''cosa juzgada'' fué ésta sostenida por la Corte de Distrito, quedando firme su sentencia por no haber perfeccionado el demandante perdidoso el recurso de apelación que interpusiera.

Existe identidad de partes demandantes en los tres casos núms. 1052, 10187 y el de autos, pues si bien es verdad que en el primero comparecieron como demandantes todos los herederos de doña Luisa López Laborde, también lo es que en los dos últimos el demandante Leopoldo J. E. Vázquez Prada ha comparecido como tal heredero y como cesionario de los derechos y acciones que pudieran corresponder a sus hermanos y coherederos. La identidad de partes demandadas es evidente. Véase artículo 1204, Código Civil, ed. 1930, y *González* v. *Méndez et al.*, 15 D.P.R. 701.

La acción que se ejercita en cada uno de los tres casos es la misma; en cada uno de los tres se solicita prácticamente el mismo remedio; y en todos ellos se trata de anular la ejecución de una hipoteca y la venta y adjudicación de la finca hipotecada, para que ésta sea devuelta a sus anteriores dueños con el importe de los frutos dejados de recibir.

Trata el demandante y apelante de destruir el efecto de la evidente identidad existente entre los tres pleitos por él iniciados contra los apelados, alegando que en los dos primeros el fundamento de la acción de nulidad era que el acreedor hipotecario había ejecutado la hipoteca por una suma mayor que la que en realidad se le adeudaba, mientras que el presente caso se basa en la alegada falta de jurisdicción de la Corte de Distrito de San Juan para dictar la providencia de remate, por haber sido diligenciado el requerimiento por una persona particular y por no haber sido requerido personalmente el aquí demandante y apelante.

No tiene razón el apelante. Cuando existe identidad de partes, de cosa y de causa o acción y sólo varía la razón de pedir la nulidad, debe prosperar la excepción de cosa juzgada. El demandante que inicia un pleito está obligado a utilizar dentro del juicio todos sus medios de defensa, para evitar las perturbaciones que resultarían si se conceptuasen como acciones distintas e independientes cada una de las razones o causas que el actor conocía y hubiera podido aducir para solicitar la nulidad de una sentencia. La aceptación de una regla distinta introduciría la incertidumbre y el caos en los negocios y haría imposible la constitución de un estado de derecho estable y serio. Véanse: Sentencia del Tribunal Supremo de España de 14 de marzo de 1898 (83 J.C. 634); *González* v. *Méndez, et al.,* supra; *Calaf* v. *Calaf,* 17 D.P.R. 198; *Rivera* v. *Rivera,* 18 D.P.R. 349, y *Ninlliat* v. *Suriñach,* 27 D.P.R. 74, en el que este tribunal sostuvo la defensa de cosa juzgada, expresándose así:

"el mero hecho de que el presente pleito se ha seguido basándose en una teoría distinta constitutiva de una nueva causa de acción, no altera la situación."

Véanse: *Manrique* v. *Goffinet,* 37 D.P.R. 336; *Carrión* v. *Lawton,* 44 D.P.R. 463.

Los hechos alegados por el demandante en el presente pleito, como motivos de nulidad, no son hechos nuevos ocurridos después de dictadas las sentencias en los dos casos

anteriores. Su mayoría de edad y la falta de su requerimiento personal eran hechos existentes y sin duda alguna conocidos por el demandante en las fechas en que éste inició los referidos pleitos. Pudo y debió él plantear el primero de dichos pleitos bajo las mismas bases aducidas para sostener el presente litigio. No es posible consentir que un demandante pueda dejar de utilizar "su día en corte" y reservarse alguna o algunas de las razones que pudieran servir de base a su demanda, para aducirlas más tarde en una nueva acción en el caso de que la sentencia le fuera adversa. Véase: *Iglesia Católica* v. *Municipio de Bayamón,* 27 D.P.R. 865.

La Corte Suprema de California ha expresado la regla de *res judicata* en los siguientes términos:

"La excepción de *res judicata* es aplicable excepto en casos especiales, no solamente a aquellos puntos sobre los cuales la corte fué requerida por las partes para dictar una opinión y pronunciar una sentencia, si que también a todos y cada uno de los puntos que debidamente correspondían a la materia litigiosa y que las partes, ejercitando una razonable diligencia, hubieran podido aducir en esa oportunidad." *Woolverton* v. *Baker,* 98 Cal. 628, 632.

Véanse: *Quirk* v. *Rooney,* 130 Cal. 505; *Aurora City* v. *West,* 7 Wall. 84, 102; *Herriter* v. *Porter,* 23 Cal. 385.

Por las razones expuestas debemos resolver que la corte inferior no erró al sostener la excepción de cosa juzgada y que por consiguiente *debe declararse sin lugar el recurso y confirmarse la sentencia recurrida.*

El Juez Asociado Sr. Wolf está conforme con el resultado. *