SUCN. DE CELESTINO RIVERA ROSADO, ETC., demandantes y apelantes, *v.* RAFAEL LUGO CARRIÓN, demandado y apelado.

Núm. 8725.—*Sometido:* Noviembre 23, 1943. *Resuelto:* Febrero 1, 1944.

*Pedro E. Anglade,* abogado de los apelantes; *Antonio Reyes Delgado* y *P. Santos Borges,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La única cuestión envuelta en este recurso es si una sentencia dictada en un caso anterior a virtud de una moción de *"nonsuit"* es suficiente para sostener la defensa de cosa juzgada en un caso posterior. Los hechos son los siguientes:

El causante de los apelantes constituyó una hipoteca a favor del aquí demandado quien más tarde y ya vencida

la hipoteca la transfirió a Francisco Castro. Fallecido el deudor y no habiéndose pagado el crédito ni sus intereses Castro la ejecutó por la vía sumaria. La Sucesión demandante entonces inició un pleito sobre nulidad de ejecutivo contra Castro y el aquí demandado Lugo Carrión. Alegaron los demandantes que la hipoteca había sido prorrogada y no había vencido cuando se ejecutó. Contestada la demanda y celebrado el juicio los demandados presentaron una moción de nonsuit al terminar la demandante de presentar su prueba. La corte la declaró con lugar y desestimó la demanda. La demandante apeló para ante esta Corte pero abandonó el recurso y fué desestimado.

La Sucesión demandante radicó otra acción de nulidad del ejecutivo contra Rafael Lugo quien al contestar alegó la defensa de cosa juzgada y, presentado el expediente del caso anterior para probarla, la corte inferior la declaró con lugar y dictó sentencia desestimando la demanda. Es contra dicha sentencia que se estableció el presente recurso y como único error para sostenerlo la apelante alega que "la sentencia es contraria al derecho establecido y a la jurisprudencia."

Se ampara la apelante en lo resuelto por esta Corte en el caso de *Berríos* v. *Grillo,* 39 D.P.R. 9, al efecto de que:

"Los letrados admiten que el *nonsuit* en cuestión fué dictado por falta de prueba solamente, pero alegan que tal nonsuit equivale a una sentencia sobre los méritos del caso. No podemos estar de acuerdo con este punto de vista. *Generalmente* y de acuerdo con la práctica moderna, ora se dicte voluntaria o involuntariamente, a moción de la parte demandada, un *nonsuit por falta de prueba* no es una sentencia sobre los méritos del caso. 34 C. J. 781, párrafo 1200, id. página 794, párrafo 1213, y nota 44; 15 R. C. L. pág. 984, párrafo 457; 2 Black on Judgments (2da. ed.), pág. 1050, párrafo 698; y nota a 49 A.S.R. 829, 831.

"Nada hay en el presente caso que lo coloque fuera de *la regla general* de que una sentencia que no resuelve una acción sobre sus méritos no sostiene la alegación de *res judicata."* (Bastardillas nuestras.)

Dicho caso no tiene el alcance que quieren darle los apelantes. La regla general allí expuesta tiene su excepción limitada a aquellos casos en los cuales la corte al declarar con lugar una moción de *nonsuit* no lo hace porque la prueba presentada por el demandante sea insuficiente para sostener las alegaciones de la demanda sino que, considerando dicha prueba, de ésta resulta afirmativamente comprobado que el demandante no tiene una causa de acción en contra del demandado. La sentencia que bajo estas circunstancias se dicta es una sobre los méritos y pone fin a la controversia y puede ser alegada como cosa juzgada en una acción posterior. En el caso de *Meléndez* v. *Cividanes,* resuelto en el día de hoy, pág. 4 ante, se hace un estudio sobre la materia, que no es necesario repetir aquí, y exponemos, con cita de autoridades, la excepción a la regla general mencionada en el caso de *Berríos* v. *Grillo,* supra, en esta forma: "... cuando de la prueba aducida por el demandante surge afirmativamente que éste como cuestión de derecho no debe obtener un fallo a su favor, la sentencia de nonsuit pone fin definitivamente al litigio y equivale a una sentencia en sus méritos."

La sentencia dictada en el primer litigio por la corte inferior a virtud de la moción de nonsuit no cae bajo la regla general antes expuesta sino bajo su excepción. Expresamente la corte hizo constar, no que la prueba era insuficiente, sino que, entrando a considerar el caso sobre sus méritos, resolvió que la prueba demostraba que el demandante no tiene una causa de acción sobre nulidad de ejecutivo en contra de los demandados. Se había solicitado la nulidad alegándose que la hipoteca había sido prorrogada y no estaba vencida cuando se ejecutó. La corte admitió que esto era cierto pero que el ejecutivo se había fundado en la falta de pago de los intereses aun después de prorrogado el término de vencimiento, y dijo:

"... De manera que siendo el fundamento primordial de esta acción el hecho de haberse ejecutado una obligación antes de estar vencida y apareciendo de la prueba aportada en el caso, espe-

cialmente sobre el expediente de ejecución de hipoteca número 14277, que al tiempo de ejecutarse esa hipoteca la misma estaba vencida, porque se alega en la misma que no se habían pagado los intereses y era condición, que dejado de pagar tres mesadas se consideraba vencida la obligación, la Corte entiende que la ejecución de hipoteca estuvo bien hecha y que por ello no procede su nulidad.

· "El otro fundamento, o sea, el dejar de dar notificación al deudor de la cesión del crédito, carece de méritos por cuanto según hemos visto de la cláusula cuarta de la escritura de constitución del crédito, el propio deudor renuncia explícitamente a que se le diera notificación de esa cesión y por eso el acreedor no vino obligado a cumplir tal requisito.

"Estos son los fundamentos que se alegan en la demanda de nulidad *y esos fundamentos carecen de solidez, y de la misma prueba aportada surge que no pueden ser motivo para la nulidad,* por lo que la Corte declara con lugar la moción de *nonsuit* y desestima la demanda, sin especial condenación de costas." (Bastardillas nuestras.)

Esta sentencia sobre los méritos puso fin a la controversia entre las partes, pues de la prueba presentada en este caso a la corte inferior, o sea el expediente completo del pleito anterior, aparece afirmativamente comprobado que la demandante no tenía derecho a una sentencia a su favor pues no había satisfecho ninguno de los intereses vencidos de la hipoteca y que por tanto la obligación principal estaba vencida y la ejecución estuvo bien hecha.

Es cierto que en la nueva acción incoada por la demandante se alega un motivo de nulidad distinto al alegado anteriormente pero esto no puede hacerse, pues un motivo distinto de pedir no constituye una nueva causa de acción y ya hemos resuelto repetidamente que "una sentencia sobre los méritos en pleito anterior entre las mismas partes y sobre la misma causa de acción . . . es un impedimento (*bar*) a otra acción sobre toda cuestión *que pudo con propiedad haber sido litigada y determinada en dicha primera acción.*" (Bastardillas nuestras.) *Manrique Gil* v. *Goffinet,* 37 D.P.R. 336 y casos allí citados.

*Debe confirmarse la sentencia apelada.*