CLÍNICA DR. PEREA, demandante y apelada, *v.* LEONARDO AVILÉS GONZÁLEZ, JUAN HERNÁNDEZ BATALLA y COMMERCIAL INSURANCE COMPANY, demandados y apelante el segundo.

*Número:* 12739      *Resuelto:* 22 de junio de 1962

*A. Ramírez Silva,* abogado del apelante; *J. Alemañy Sosa,* abogado del codemandado y apelado; *Leonardo Avilés González* y *Carlos García Méndez,* abogados de la apelada.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Rigau.

PER CURIAM: Como consecuencia de un accidente ocasionado por un automóvil conducido por el hijo de Juan Hernández Batalla, sufrió serias lesiones Leonardo Avilés González. Este fue inmediatamente trasladado al hospital municipal de Mayagüez pero antes de recibir el tratamiento correspondiente fue trasladado a su vez a la Clínica Dr. Perea por órdenes de Hernández Batalla quien se obligó con el Dr. Nelson Perea a pagar los gastos de hospitalización y honorarios médicos por la asistencia que se le prestara a

dicho lesionado en la mencionada clínica.(¹)    Estos gastos ascendieron a $739 y sobre su cuantía no hay disputa.

Avilés González demandó a Juan Hernández Batalla y a la aseguradora del automóvil Commercial Insurance Company, en reclamación de daños y perjuicios.    Visto el caso en sus méritos el Tribunal Superior dictó sentencia, entre otros pronunciamientos, condenando "al demandado Juan Hernández Batalla a pagar al demandante Leonardo Avilés González, para la sociedad de gananciales de éste y su esposa, la suma de $12,000 en pago y satisfacción total de la reclamación objeto de este pleito; debiendo también dicho demandado pagar la suma de $739 a la Clínica Perea de Mayagüez por gastos de hospitalización y asistencia médica al demandante".

A solicitud del allí demandado Hernández Batalla el tribunal reconsideró su anterior sentencia eliminando de la misma la partida de $739 para gastos de hospitalización y asistencia médica del demandante.

Posteriormente la Clínica Dr. Perea demandó a Juan Avilés González, Juan Hernández Batalla y Commercial Insurance Company en cobro de la indicada suma de $739.    El tribunal de instancia dictó sentencia condenando a Hernández Batalla a pagar a la demandante la susodicha suma.

En apelación dicho demandado alega (1) que el tribunal de instancia cometió error al no resolver que la obligación de Hernández Batalla con Avilés González surgida del accidente quedó extinguida y liquidada a virtud de la sentencia dictada en el pleito seguido por este último contra el primero, siendo errónea la sentencia dictada en este caso en tanto en cuanto exonera de responsabilidad a Avilés González; (2) que igualmente erró el tribunal sentenciador al no

---

(¹) La prueba testifical fue contradictoria en cuanto a si Hernández Batalla se obligó o no a pagar los gastos de hospitalización y servicios médicos prestados al lesionado, pero el tribunal sentenciador, con muy buen juicio, resolvió el conflicto a favor de la demandante.

resolver que como Avilés González se benefició con los servicios prestados era a él quien venía obligado a pagarlo, y (3) que en todo caso constituyó error no resolver que la compañía aseguradora era la obligada a pagar la suma reclamada por la Clínica.

Ninguno de estos tres errores fue cometido. En el pleito de daños y perjuicios seguido por Avilés González contra Hernández Batalla y Commercial Insurance Co., no se reclamó en la demanda el valor de los servicios por hospitalización y asistencia médica. Tampoco se litigó esa partida. La teoría del demandante en aquel pleito era que él nada adeudaba a la Clínica por cuanto Hernández Batalla se obligó con el Dr. Perea a pagar dichos servicios. Igual posición adoptó la Clínica cuando el abogado del demandante trató de conseguir una certificación sobre el importe de dichos servicios para incluirlos en la demanda. El pronunciamiento en la sentencia dictada en el pleito de daños y perjuicios, condenando a Hernández Batalla a pagar lo adeudado a la Clínica se debió a un error que luego fue corregido por el juez sentenciador, eliminándolo a petición del propio Hernández Batalla. En la vista de la moción sobre reconsideración de sentencia, el Juez explica el error así:

"La Corte: En realidad de verdad la situación en este caso. ... Cuando se radicó la moción yo hice revisar por el taquígrafo la evidencia sometida y en el record taquigráfico . . . , o del record taquigráfico no aparece prueba alguna sobre los gastos de la Clínica. A mí me preocupó mucho la cuestión: que lo que yo había puesto en pesos y centavos; una cantidad para gastos de clínica, de donde la había sacado yo. El récord no dice nada y, revisando la prueba documental, aparecía que entre la evidencia ofrecida por la parte demandante estaba con ciertos récords de la clínica de los Dres. Perea, y dentro de esos papeles, estaba la cuenta con montantes y gastos de la Clínica Perea. La verdad es que aparentemente no ha sido sometida en evidencia y yo consigné esa cantidad incorrectamente. Esa es la situación. Los hechos son así." ■

Hernández Batalla se obligó a pagar los gastos reclamados por la Clínica. Avilés González no los reclamó contra él porque nada adeudaba a la Clínica. Solamente reclamó y litigó los perjuicios que él sufrió, entre los cuales no figuraban los gastos de hospitalización y asistencia médica. Y como el convenio para el pago de dichos gastos se efectuó entre Hernández Batalla y la Clínica, la cuestión no podía litigarla Avilés González en el pleito de daños y perjuicios. Por lo tanto, la doctrina de impedimento colateral por sentencia invocada por el recurrente a base de los casos de *Manrique Gil* v. *Goffinet*, 37 D.P.R. 336 y *Sucesión Rivera* v. *Lugo*, 63 D.P.R. 14, no es de aplicación a los hechos de este caso. ▪

Por otro lado, Commercial Insurance Company pagó, en satisfacción de la sentencia dictada en el caso de daños y perjuicios, el límite de la póliza más $1,000 para honorarios de abogado. No fue error, por tanto, no condenarla a pagar otra suma en exceso de la obligación contraída en el contrato de seguro. La cubierta "C" titulada en inglés "Medical Payments" solamente cubre a aquellas personas que hubieran resultado lesionadas mientras se encontraban dentro del vehículo o subiendo o bajando del mismo al sufrir el daño. El demandante fue arrollado por el vehículo mientras se encontraba en un establecimiento comercial.

*La sentencia dictada por el tribunal a quo es correcta y debe ser confirmada. Siendo el presente recurso frívolo se condenará al recurrente Hernández Batalla a pagar a la demandante recurrida la suma de $250 para honorarios de abogado.*